JOSEPH COATES *vs.* JOSEPH CAMPBELL and others.

December 8, 1887.

**Constitution—Taxation for Private Purpose.**—An act authorizing the issue of bonds of a village corporation to aid in the construction of a dam, for the purpose of improving a private water-power, is unconstitutional as providing for public taxation for a private purpose.

**Same—Purpose Partly Public and Partly Private.**—When the purposes for which an act provides for taxation are partly public and partly private, and the amount to be raised for each cannot be distinguished and severed, the act is invalid.

The plaintiff, who is a resident freeholder and tax-payer of the village of Sauk Rapids, brought this action in the district court for Ben-

ton county, to restrain the defendants, who are the officers of the village of Sauk Rapids, from issuing the bonds provided for in Sp. Laws, 1887, *c.* 137. A demurrer to the complaint having been overruled by *Collins,* J., judgment was entered for plaintiff, from which the defendants appeal.

*Hall & Kirkpatrick,* for appellants.

*Taylor & Calhoun,* for respondent.

GILFILLAN, C. J. An act of the legislature approved February 25, 1887, (Sp. Laws, 1887, *c.* 137,) entitled "An act to authorize the village of Sauk Rapids, in the county of Benton, to issue bonds in aid of the improvement of the Mississippi river at said Sauk Rapids," provided : "Section 1. The village council of the village of Sauk Rapids, in Benton county, is hereby authorized and empowered to issue the bonds of said village, to the amount not exceeding the sum of forty thousand dollars, for the purpose of aiding in the construction of a dam across the Mississippi river at said Sauk Rapids, and for the purpose of improving the water-power of said river at the said village of Sauk Rapids, and for such other purposes as are hereinafter specified." * * * "Sec. 4. The said village council of the village of Sauk Rapids is hereby authorized to secure for the use of said village, in consideration of the issue of bonds herein authorized, such water-power for the use of the public fire department as may be deemed proper." * * * "Sec. 6. The piers of the said dam shall constitute the foundation of a public wagon bridge."

There is no principle of constitutional law better settled than that taxes cannot be imposed for a private purpose. *State* v. *Foley,* 30 Minn. 350, (15 N. W. Rep. 375,) and cases cited. "The right to tax depends on the ultimate use, purpose, and object for which the fund is raised, and not on the nature or character of the person or corporation whose intermediate agency is to be used in applying it." *Sharpless* v. *Mayor,* 21 Pa. St. 147, 169. It is upon this proposition that courts sustain the imposition of taxes for the purpose of constructing railroads; for although railroad companies are, so far as their rights of property are concerned, private corporations, yet railroads are public highways, constructed and maintained for public use, and which the public have a right to use; so that in this case it

is not conclusive, as to the right to tax, that the title to the water--power to be improved is or will be in some private person or corporation, or that the village is not to have any direct control over the management of it. As it is entirely manifest that the general and chief purpose of the act is to improve the water-power, and without which purpose the act would not have been passed, the question nec--essarily arises, what is to be the character of its use when improved?' Is it to be public or private? To the consideration of this question it is important that the water-power is not the property of the village corporation or the public, and that there is no public control over the management of the property or the expenditure of the fund; that the village corporation has no authority to own or manage water-powers. The water-power must belong to some private person or corporation, and the public has no more right or interest in it, or right in its use, than in any other water-power owned by a private person or corporation. The public has a right in the use of a railroad, for any one of the public may of right use it, under reasonable rules and regulations, and upon reasonable terms; but there is no such right with respect to a water-power. The owner may exclusively use it himself,. or grant the right to use it to such persons as he may select, to the entire exclusion of everybody else. No one of the public may of right insist on having any use of it. The public has no interest in its improvement, and derives no benefit from it, beyond the incidental benefit arising from any person improving his own property. That is not an interest that will justify taxation. Certainly no one would claim that funds may be raised by taxation to aid a private person in constructing a private building on his own lot, although, incidentally,. it will enhance the value of all the lots in the city or village. That this water-power is private in its ownership and use puts it beyond the legitimate objects for which taxes may be imposed.

An endeavor seems to have been made in drawing this law to give color of a public use, for which the funds were to be raised. Mani-festly, this was the purpose of inserting section 4, authorizing (but not requiring) the council to secure, in consideration of issuing the bonds, water-power for the use of the public fire department. The council would have authority without that section to secure water-

power for the fire department, if it has authority to organize a fire department and supply it with water. The same may be said of section 6, which, without providing that there shall be any bridge, provides that the piers of the dam shall constitute the foundation for a public wagon bridge. But the main purpose of the act is to improve a private water-power; the provisions looking to a public use are merely incidental to its main object. Such an incidental public use could not rescue the act from the charge of being unconstitutional. If an act should in terms authorize a city council to raise funds by taxation, to be used in constructing a private building on a private lot, it would not be enough to save the act that it authorized the council to stipulate that street lamps might be suspended from the front of the building, or that one of its walls might be used as a party-wall in constructing a public building. If such provisions could make the act valid, the constitutional principle we have referred to would be very little protection to the citizen.

It may be stated that, where the purposes for which taxes are authorized to be imposed are partly private and partly public, the act must wholly fall, unless, perhaps, where the part to be raised for the private purpose can be distinguished and severed from the other.

The act is unconstitutional and void.

Judgment affirmed.