Thomas H. Shaw and another *vs.* First Baptist Church of Winona.

July 1, 1890.

**Mechanic's Lien—Extra Work—Subcontractor Charged with Notice of Provisions of Principal Contract.**—K. and P. contracted with the defendant to erect for the latter a church edifice, according to architect's plan and specifications. The contract provided that no charge for extra work should be allowed or paid by the church corporation except upon estimates and certificates of the superintendent and the building committee of the church. The plaintiffs entered into a subcontract with K. and P. to do a certain part of the work. In the performance of this contract they did some extra work by the oral direction of two of the five members of the building committee. For this they seek to recover. *Held*, that the plaintiffs were chargeable with notice of the provision in the defendant's contract, above referred to, that it affected them in the performance of the very work specified in that contract, and that they could not recover for the extra work without the estimate and certificate of the superintendent and building committee; no fraudulent conduct or merely arbitrary refusal of the superintendent and building committee to give such a certificate and estimate being shown.

Appeal by defendant from an order of the district court for Winona county, *Start*, J., presiding, refusing a new trial after verdict of $150 for plaintiffs.

*M. B. Webber,* for appellant.

*Tawney & Randall,* for respondents.

DICKINSON, J.    The defendant, by its trustees, entered into a written contract with a copartnership, Kratz & Panzer, by the terms of which the latter were to erect a church building for the defendant corporation, in accordance with architect's drawings and specifications, which were made a part of the contract.    The plaintiffs then entered into a subcontract with Kratz & Panzer to furnish and prepare for laying certain stone, including all brown-stone trimmings for the work, in accordance with the same drawings and specifications. In the course of their performance of their undertaking, the plaintiffs supplied some brown-stone trimmings for "belt courses" in chimneys, which are claimed to have been extra work, not included in the original drawings and specifications, and so not embraced in either of the contracts above referred to.    This is alleged to have been done by the plaintiffs at the request of the defendant, and upon its promise to pay for the same.    This action is for the recovery of the value of this stone and work.    The plaintiffs recovered a verdict.    The defendant has appealed from an order refusing a new trial.

The evidence justified the conclusion that this was extra work, not provided for in the contract.    It is denied that the defendant authorized or procured the plaintiffs to do it.    The defendant appointed a building committee to attend to the construction of the building. It consisted of five persons, of whom three were the trustees of the church.    The evidence tended to show that two members of the committee directed this particular work to be done, involving a change from the original contract; that another member of the committee was informed that such direction had been given, and the evidence is claimed to be sufficient to show that all the members of the committee knew that this work was being done, and made no objection to it.    From this it is claimed that the corporation was bound.

Another feature of the case is to be considered in this connection. In the contract between the corporation and Kratz & Panzer it was provided that "no claim or charge for extra work shall in any case be allowed or paid to the party of the first part, except upon estimates and certificates of the superintendent and said building committee, as

provided in the specifications." In view of the provision above re- cited, embodied in the original-contract of the defendant with Kratz & Panzer, if the latter had personally done the work in question they could not, upon the case as now presented, have recovered from the corporation as for extra work, there having been no certification by the superintendent and building committee, as provided in the con- tract, nor, so far as appears, any wrongful or merely arbitrary re- fusal to so certify. If there had been any demand for such a certifi- cate, (which does not appear,) a refusal to give it might have been found to be justified, for the reason that the committee, which had never taken concerted action in the matter, might have been deemed not to have understood that this work had been specially directed to be done, or that the contractors were doing it as extra work. The obvious purpose of this provision, or, at least, one of the purposes of it, was to avoid subsequent disagreement and controversy, such as has arisen in this case, as to the fact of extra work having been au- thorized or done, and as to the terms of any agreement that might have been made respecting the same. Such or similar provisions are not unusual, especially in building and engineering contracts; and, in the absence of fraud or of some fact excusing compliance with such a stipulation, it is obligatory, and cannot be disregarded. *Johnson* v. *Howard*, 20 Minn. 322, (370.) But these plaintiffs stand in no better position as respects this matter than would the original contractors in the case supposed. They are chargeable with no- tice of the condition to which we have referred in the contract of the corporation. In contracting with Kratz & Panzer for the stone work for this "church building for the First Baptist Church of Wi- nona," as their contract reads, they must have known that Kratz & Panzer were themselves merely contractors with the corporation for the erection of the building, and that their subcontract was intended to embrace the performance of a part of the original contract of the defendant with Kratz & Panzer. They were engaged in performing a specific part of the work for which the defendant had contracted. They were really performing a part of that contract. In other words, while their contract was only with Kratz & Panzer, they knew that their work was being done pursuant to the contract of the defendant,

by which the obligations and rights of the latter in respect to the performance of the work of construction had been fixed. Hence they are chargeable with notice of the provisions of that contract, and, in performing the very work to which that contract related, they could not charge the defendant with liability contrary to its express provisions. If that contract had made no provision respecting extra work or departures from the original plan, of course it would not have affected the matter here in question. For the reason above stated, and without deciding whether the evidence was sufficient to show that the defendant's committee (its agents) ever contracted for the doing of this extra work, upon which point it is at least doubtful whether the verdict can be sustained, we are of the opinion that the verdict cannot stand, and the order refusing a new trial is reversed.

MITCHELL, J. While I feel compelled, rather reluctantly, to concur in the result, yet I hesitate to rest the decision of the case upon the ground taken in the opinion; especially as the point was not made by counsel either here, or, so far as appears, in the court below. But I can find no sufficient evidence that the society ever authorized the building committee to contract for this extra work, or, even if it did, that the committee, as such, ever made any such contract. I am inclined to think that the learned trial judge, as well as the counsel for plaintiffs, erred in attaching any special importance to the fact that the society intended to include this work in the original contract, and supposed it was so included. I fail to see how this in any way tended to prove either that the committee had authority to contract for it, or that they did contract for it, as extra work. Of course, under the circumstances, no ratification by the society can be inferred from the mere fact that it retains and enjoys the benefit of the work, it having no option to reject it.