ANDREW J. SHORT *et al.* *vs.* WILSON J. VAN DYKE *et al.*

Argued June 3, 1892.   Decided June 27, 1892.

**Contract Construed.**

   A certain contract construed, and *held* to be only a contract to convey real estate, and not one creating or declaring a trust.

**Statute of Limitation of Actions.**

   *Held*, *also*, that upon a contract to convey the necessity for taking an account to ascertain how much the vendee must pay for a conveyance does not prevent the running of the statute of limitations.

**Same—For Specific Performance.**

   *Also*, that in such contract the reservation of a lien in favor of the vendor upon the interest of the vendee to secure other claims than for the purchase price does not enlarge the time for commencing an action for specific performance.

Appeal by defendant, Wilson J. Van Dyke, from an order of the District Court of Washington County, *Williston*, J., made December 10, 1891, denying his motion for a new trial.

Action by plaintiffs, Andrew J. Short, and Elizabeth Cover, commenced October 26, 1886, for an accounting, and for specific performance of a contract, made by defendant Wilson J. Van Dyke, January 23, 1874, with said Short. It was alleged that Short had assigned one-half of his interest in the contract to his coplaintiff. The wife of Van Dyke was also made defendant in the action. The following is a copy of the contract and of the indorsements thereon.

CONTRACT.

For, and in consideration of the numbers, watching and seeing if there is any trespass committed on the within described lands, during the term of three years, unless sooner paid by A. J. Short, W. J. Van Dyke agrees to quitclaim one equal undivided one-half interest to the within described lands, if Andrew J. Short shall pay to W. J. Van Dyke, one-half of nine thousand four hundred and ninety-eight dollars and twenty-one cents ($9,498.21,) that being the costs and expenses paid by said W. J. Van Dyke to secure the within lands, if

paid within three years from date of entry of said lands, as shown on the within described lands, and pay said Van Dyke all claims and notes he has against said Short, as per terms of said notes, and for all advances, either in book account or otherwise now made, or that may be made during the term of three years. And it is agreed said Van Dyke may sell lands or stumpage, at any time, and in case any money shall be realized from said lands or timber, the half shall apply on payment of said lands, before the term of three years, and at the time such moneys are received. And it is also agreed that the contract given, for one equal undivided half of a section of land, preempted, as shown by said contract, given to Daggett & Bellins, which section, said Short has a fourth interest, instead of a half, as the other lands shall not be paid, the said Short agrees to assume one-half of said contract, and pay to said Van Dyke, as per terms of said contract, if Van Dyke so requests him to do, and when so paid, said Short has one-half interest, same as all the other lands.

Dated at Hastings this 23d day of Jan., A. D. 1874.

W. J. VAN DYKE.

A. J. SHORT.

### ENDORSEMENTS.

Description of lands located by A. J. Short and entered on joint account by W. J. Van Dyke, Taylor's Falls, office, June 18, 1873.

(Here follow descriptions of about 4,800 acres of pine timber land.)

April 18—'76. I hereby extend the within contract one year from maturity, to said Short, paying interest on the amount due, at the rate of twelve per cent. per annum, and his share of all the back and future tax.

W. VAN DYKE.

A. J. SHORT.

*Little & Nunn* and *M. B. Koon*, for appellant.

*Searles & Gail*, for respondents.

GILFILLAN, C. J. The decision of this case will necessarily depend on the interpretation of the contract on which the action is brought. If it is merely a contract to convey, the cause of action was undoubtedly barred by the statute of limitations before the ac-

tion was brought.    The right to bring an action for specific perform-
ance—and, if the contract is only one for conveyance, this is such
an action—accrued and the action might have been brought as soon
as, by the terms of the contract, the plaintiff was entitled to offer
performance on his part, and demand a conveyance in this case, cer-
tainly at the end of the four years.    That the taking an account
might be necessary to determine how much plaintiff must pay would
not stand in the way of bringing the action, though it might excuse
a previous tender, for it would be proper to take the account and
determine the amount to be paid in the action to enforce specific
performance.    Nor could it extend or affect the time for bringing an
action upon it as a contract to convey that the vendor stipulated for
a lien something in the nature of a mortgage to secure other claims
than for the purchase price upon the vendee's interest.    Such lien or
mortgage could not exist beyond the life of the vendee's interest.    So
that if—what we do not think is so, but as respondent claims—a
lien was reserved on the vendee's interest, it would make no differ-
ence with the time within which the vendee must bring an action for
specific performance.

On the other hand, if the action is against the defendant as trus-
tee to compel an accounting under and to enforce a trust created or
declared by the contract, the cause of action accrued when the de-
fendant refused to discharge his trust and account, which was within
six years before the action was brought.

The contract was evidently drawn by one of the parties, and lacks
the fullness and clearness of expression that might have been ex-
pected had it been drawn by a lawyer.    But the intention is clearly
expressed that the defendant shall convey the undivided one-half of
certain lands to the plaintiff for specified considerations.    There is
no difficulty in the way of holding it good as a contract to convey.
As such a contract, there is no ambiguity in it; so that there will be
no need, in order to sustain it as a contract, to infer any meaning be-
yond what the terms clearly require, nor to give to them any effect
beyond what they are naturally entitled to.    There are some expres-
sions in the contract suggestive of the fact that the lands were ac-
quired and were to be held by defendant for the joint benefit of the

parties; such, for instance, as this: After stating a sum one-half of which is to be paid by plaintiff to defendant, are the words: "That being the cost and expenses paid by said Van Dyke to secure the within lands," and the right reserved to defendant to sell lands or stumpage and credit one-half of the proceeds upon the amount of the purchase price. But such expressions are too indefinite for more than mere speculation or conjecture that perhaps the parties intended something further than the unambiguous terms of the contract express; that perhaps they intended to create or declare some trust other than such as exists between vendor and vendee while the former holds the legal title. Indorsed on the contract was a list of certain lands with this caption: "Description of lands located by A. J. Short, and entered on joint account by W. J. Van Dyke, Taylor's Falls office, June 18, 1873;" and the respondent claims that by reference this is made a part of the contract. In a written contract, a reference to another writing, if the reference be such as to show that it is made for the purpose of making such writing a part of the contract, it is to be taken as a part of it just as though its contents had been repeated in the contract. But if the reference be made for a particular purpose, expressed in the contract, it becomes part of it only for that purpose. The reference in this contract to the writing indorsed is to "the within described lands," showing that its purpose was for the descriptions, and as to those descriptions they were thereby incorporated in the contract. There is also a reference to the indorsed writing for the date of entry for the purpose of fixing the time of payment by respondent, and as to those dates the writing became a part of the contract.

We therefore hold the contract to be only a contract to convey, and that it was not intended to, and did not, create or declare any trust other than such as arises on an ordinary contract to convey. It follows that the cause of action was barred before the action was commenced.

Order reversed.