(Opinion published 56 N. W. Rep. 42.)

---

AUSTIN H. YOUNG *vs.* BOARD OF EDUCATION OF INDEPENDENT SCHOOL DIST. No. 47, DASSEL.

Argued June 26, 1893.   Reversed Aug. 3, 1893.

**Ultra Vires—Municipal Corporations.**

> Where the officers of a school district, without lawful authority, borrow and expend money for the completion of a schoolhouse, no liability attaches to the district therefor, notwithstanding the benefit received from such expenditure. No estoppel or ratification can be inferred from its retention or enjoyment of the improvement in such case, for it has not opportunity to reject it.

Appeal by defendant, the Board of Education of Independent School District No. 47, Dassel, in Meeker County, from an order of

v.54M.—25

the District Court of that County, *Gorham Powers*, J., made February 14, 1893, denying its motion for a new trial.

The plaintiff, Austin H. Young, was on January 26, 1891, appointed by the District Court of said County, receiver of the property of Stevens & Co., insolvent bankers of Litchfield in that County. He accepted the trust, and brought this action to recover an overdraft of the School District, amounting to $205.15. The defendant answered, denying that it borrowed the money or overdrew. On the trial it appeared that in October, 1885, the School District officers obtained the money and used it to complete the schoolhouse they were building. On January 22, 1886, the trustees, or some of them, gave Stevens & Co. an order on the School District treasurer for the amount, but it was not paid for want of funds. The Judge directed a verdict for the plaintiff for this amount and interest. Defendant moved for a new trial. Being denied, it appeals.

*E. P. Peterson* and *Spooner & Taylor*, for appellant.

In order to entitle the plaintiff to recover in this action it must appear that the loan effected, or the agreement made, with the bank for an overdraft was the act of the proper officers of the School District, and that such act was authorized by law, or that it was made under such circumstances as to raise a presumption that it was with the common consent of the district. This does not appear. *Andrews* v. *School District*, 37 Minn. 96; *Currie* v. *School District*, 35 Minn. 163.

*Young & Nye* and *Daniel Fish*, for respondent.

Defendant complains that it is required to repay $205.15 of the moneys of Stevens & Co., which it confessedly had and used in the construction of its schoolhouse. The proposition of law for which defendant contends is, that inasmuch as it obtained the money illegally, therefore it should be permitted to keep it. This sort of thing has often been attempted in the past, but without much success. It is well settled that municipalities, as well as private corporations, must account for money or other property applied by their officers to authorized uses, although the money or property so applied was received under a contract which was wholly void. Morawetz, Corp. § 718; *Marsh* v. *Fulton Co.*, 10 Wall. 676; *Borough of Henderson*

v. *Sibley Co.*, 28 Minn. 515; *Leonard* v. *City of Canton*, 35 Miss. 189; *Turner* v. *Cruzen*, 70 Iowa, 202; *Moore* v. *Mayor*, 73 N. Y. 238; *Brady* v. *Mayor*, 20 N. Y. 312; *Paul* v. *Kenosha*, 22 Wis. 266; *Clark* v. *School District*, 3 R. I. 199; *San Francisco Gas Co.* v. *San Francisco*, 9 Cal. 453; *Grogan* v. *San Francisco*, 18 Cal. 590; *Dill* v. *Wareham*, 7 Met. 438; *County Com'rs* v. *Hunt*, 5 Ohio St. 488.

VANDERBURGH, J. The plaintiff recovered a verdict, under the direction of the court, for $205 and interest for money advanced by Stevens & Co., of whose insolvent estate the plaintiff is receiver. The evidence in the case tended to show that the defendant had expended the proceeds of bonds lawfully issued in the erection of a schoolhouse for the district, but the money derived from the bonds was insufficient to complete the building, and thereupon the treasurer of the district, one Peterson, arranged with Stevens & Co., who were bankers, for additional funds to complete the same, and drew checks upon them for the amount of $205, which were honored and paid, though the district had no funds, and the money was expended in paying for labor and material furnished for the building, under the direction of the treasurer and other officers of the board. It does not appear that the board, as such, ever authorized the loan in question or the expenditure of the money in the manner stated, but the money was secured and expended, as may be inferred, by individual members or officers of the board, upon the belief that their action in the premises would be approved by the defendant and the district. A school-district order was subsequently issued to Stevens & Co. for the amount, but whether at a lawful meeting of the board is left in doubt by the evidence.

The question, then, is whether the mere fact that the money was received and expended by the officers of the district in improving its property, though without lawful authority, raises a liability against the corporation for money had and received, or is sufficient to create an estoppel against the district to deny its liability therefor. But it cannot be said that the district has either received or expended the money, or that it was bound by the acts of its officers, and no estoppel or ratification can be inferred from the fact that it retains and enjoys the benefit of the expenditure, because it is inseparable from its property, and the case is unlike an unauthorized

purchase of chattels, which could be restored. It has no option to reject the improvement in this instance. *Shaw* v. *Church*, 44 Minn. 25, (46 N. W. Rep. 146.) It would be a very unsafe rule to estab-- lish to hold that school officers might borrow money at their pleasure, and bind the district because the same is expended by them in improving the property of the district. The case is to be distinguished from *Borough of Henderson* v. *County of Sibley*, 28 Minn. 515, (11 N. W. Rep. 91.) There the money claimed had been deposited in the county treasury, and was used and expended by the county in the erection of a courthouse, which it had authority to build. It was expended for a lawful purpose by the proper authorities, and the county could not deny that it had, or had used for its benefit, plaintiff's money, received without consideration, and was bound to refund.

Order reversed, and new trial granted.

(Opinion published 55 N. W. Rep. 1112.)