FRANK H. CASTNER v. CITY OF MINNEAPOLIS and Others.[1]

April 29, 1904.

Nos. 13,875—(209).

**Expenditure of Public Money.**

> The legislature is powerless to authorize the expenditure of public funds by a municipal subdivision of the state, except for a public purpose. Section 17 of chapter 33, p. 598, of the Special Laws of 1889, being section 18 of chapter 6 of the charter of the city of Minneapolis, construed as to limiting certain expenditures.

[1] Reported in 99 N. W. 361.

**Illegal Expenditure.**

>The reimbursement by the city council of a defeated candidate for a public office for expenses incurred in conducting an election contest is an expenditure of public funds for a private purpose, and therefore illegal.

Appeal· by Claus O. Peterson, intervenor, from a judgment of the district court for Hennepin county, entered pursuant to the findings and order of W. R. Cray, J., by which defendants, city of Minneapolis and its officers, were restrained from paying to intervenor, a defeated candidate for alderman, the sum of $190 in reimbursement of his expenses in an election contest. Affirmed.

*A. Y. Merrill* and *Geo. H. Selover,* for appellant.

*Willoughby M. Babcock,* for respondent.

The city council of Minneapolis has only such powers as are distinctly delegated to it by the legislature, or are necessary to the proper carrying out of those powers. Not even the legislature has the power of taxation and giving away the public money for private purposes. Minnesota Sugar Co. v. Iverson, 91 Minn. 30, and cases cited.

The question of what are legitimate expenses of a municipality has been litigated many times by taxpayers desirous of protecting the public treasury from waste of the public funds in ways not authorized by law. The following are cited as illustrations of what the courts have held in such cases: Hood v. Mayor, 1 Allen, 103; Gregory v. City, 41 Conn. 76, 87; Merrill v. Plainfield, 45 N. H. 126, 134; Vincent v. Inhabitants, 12 Cush. 103, 106; Hodges v. City, 2 Denio, 110, 112; Stetson v. Kempton, 13 Mass. 272, 278; Halstead v. Mayor, 5 Barb. 218; Waters v. Bonvouloir, 172 Mass. 286; James v. City, 22 Wash. 654; In re Jensen, 28 Misc. (N. Y.) 382; Wisconsin v. Milwaukee, 95 Wis. 160; Lowell v. City, 111 Mass. 454, 473; Minnesota Sugar Co. v. Iverson, supra; State v. Gates, 35 Minn. 385; Bell v. Municipality, 2 Upper Can. C. P. 507; Regina v. Mayor, 4 Q. B. 796; Dillon, Mun. Corp. (4th Ed.) 221, and notes; Peck v. Spencer, 26 Fla. 23; Board v. Ellis, 59 N. Y. 620.

DOUGLAS, J.

The respondent Castner, a taxpayer of the city of Minneapolis, brought this action in the district court of Hennepin county to enjoin

the said city and its officers from paying to Claus O. Peterson, intervenor and appellant, the sum of $190 appropriated by the city council of the city of Minneapolis for the purpose of reimbursing him for expenses incurred in an election contest. It appears that appellant was a defeated candidate for the office of alderman of the Eleventh Ward. From the decision of the canvassing board he applied for a recount, under the statute, and filed a bond for the payment of costs, as required by law, with the result that the findings of the canvassing board were affirmed.

The sole question involved is, has the city of Minneapolis authority to reimburse a defeated candidate for expenses involved in a recount of the ballots in an election contest? It is claimed this appropriation is authorized by section 18 of chapter 6 of the charter of Minneapolis, being section 17 of chapter 33, p. 598, Sp. Laws 1889, which reads as follows:

> The city council of the city of Minneapolis is hereby authorized and empowered to expend for purposes not in this charter otherwise authorized during any fiscal year, moneys out of the general fund of said city not exceeding in the aggregate the sum of $10,000; provided, that no part of such sum shall be expended except by a resolution adopted by the affirmative vote of at least three-fourths of the members of said council.

The rule is well settled that the legislature is powerless to authorize the expenditure of public funds by a municipal subdivision of the state, except for a public purpose. State v. Foley, 30 Minn. 350, 15 N. W. 375; Borough of Henderson v. County of Sibley, 28 Minn. 515, 11 N. W. 91; Coates v. Campbell, 37 Minn. 498, 35 N. W. 366; City of Chaska v. Hedman, 53 Minn. 525, 55 N. W. 737; City of Fergus Falls v. Fergus Falls Hotel Co., 80 Minn. 165, 83 N. W. 54. This is true regardless of constitutional limitations. Michigan v. Auditor General, 124 Mich. 674, 83 N. W. 625; United States v. Carlisle, 5 App. Cas. D. C. 138; Calder v. Bull, 3 Dall. 386; Loan Assn. v. Topeka, 20 Wall. 655.

The question was recently before this court in a case involving added restrictions imposed upon the legislature by sections 5 and 10 of article 9 of the constitution in the expenditure of public moneys of the

state. While these sections of the constitution were held applicable to the state solely, and not to municipal subdivisions thereof, the doctrine that such expenditures must be for a public purpose was reaffirmed as to the state as well as to its municipal subdivisions. Minnesota Sugar Co. v. Iverson, 91 Minn. 30, 97 N. W. 454. In State v. Foley, supra, an act providing for the payment of a gratuity, by way of added interest, to the holder of certain tax certificates was held invalid, as authorizing the payment of public funds for other than a public purpose. In Coates v. Campbell, supra, the court held an act invalid which authorized an issue of bonds by a village corporation to aid in the construction of a dam for the purpose of improving a private water power, notwithstanding the fact that the power was, in part, used to furnish water to the inhabitants of the village. In City of Chaska v. Hedman, supra, the act of a village in appropriating money to a manufacturing company within its limits was condemned, as not being for a public purpose. This is also the uniform rule elsewhere. Loan Assn. v. Topeka, supra; Parkersburg v. Brown, 106 U. S. 487, 1 Sup. Ct. 442; Cole v. La Grange, 113 U. S. 6; Allen v. Inhabitants, 60 Me. 124; Weismer v. Village, 64 N. Y. 91; In re Eureka B. W. & M. Co., 96 N. Y. 42.

In Wm. Deering & Co. v. Peterson, 75 Minn. 118, 77 N. W. 568, an act of the legislature appropriating money on behalf of the state for the purpose of loaning the same to private individuals was held unconstitutional. In Gregory v. City, 41 Conn. 76, the court held that a municipality has no power to indemnify an officer for expenses incurred in matters of his own, and in which the municipality is not a party, or where it has no interest in the litigation; and in Merrill v. Plainfield, 45 N. H. 126, that the want of a pecuniary interest therein involves the want of power to reimburse the officer. In Massachusetts there must also be some pecuniary interest in the act to be done, to warrant the town in appropriating money for such purposes. Vincent v. Inhabitants, 12 Cush. 106. In Bell v. Municipality, 2 Upper Can. C. P. 507, it was said: "A by-law passed to indemnify a township councilor elect for the costs of a quo warranto, by which his election was set aside, is illegal."

We are of the opinion the provision of the charter of the city of Minneapolis above set forth must be construed as authorizing the ex-

penditure of public funds solely for a public purpose, and, tested by the legal principles declared in the authorities cited, that the appropriation by the city council of the city of Minneapolis to appellant to reimburse him for expenses incurred in a recount of the ballots is for a private purpose, and unauthorized.

Judgment affirmed.