DANIEL R. NOYES and Others v. BUTLER BROTHERS.[1]

July 6, 1906.

Nos. 14,843, 14,844—(168, 169).

### Subcontractor—Reference to Specifications.

As between a contractor for the construction of a building according to certain plans and specifications and his subcontractor, who furnishes a part of the material, reference may be made to the specifications, without adopting them as a whole; and, in the absence of an express agreement to that effect, it will not be inferred that the parties contemplated that all the provisions of the specifications should have application. Rule applied in this case, and held, that reference to the plans and specifications was for no other purpose than to determine the amount and the sizes of the glass to be furnished by the subcontractor, and appellants were not entitled to judgment notwithstanding the verdict.

### New Trial.

The order granting a new trial for insufficiency of the evidence is sustained; it not being manifestly and palpably in favor of the verdict.

Action in the district court for Ramsey county to recover $1,041.08 for glass sold and delivered. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of plaintiffs for $496.60. Plaintiffs moved for judgment for the sum demanded notwithstanding the verdict, or for a new trial; defendant moved for judgment in favor of plaintiff for $350.16, notwithstanding the verdict. From an order denying the motions for judgment but granting the motion for a new trial, both parties appealed. Affirmed.

*William W. Cutler,* for plaintiffs.

*How, Butler & Mitchell,* for defendant.

LEWIS, J.

Defendant entered into a contract with the Board of Capitol Commissioners for the construction of the north wing and remodeling certain parts of the State Capitol at Bismarck, North Dakota, according to certain plans and specifications, which contained the following clause:

[1] Reported in 108 N. W. 839.

The contractor shall allow and include in his bid $5 per square foot for the art glass, which shall include the large circular transoms in House chamber and art glass back of speaker's desk; but the Capitol Board, with the architect, shall have the right to select and purchase the art glass.

Upon application the plaintiffs submittted a bid for all of the glass to be used in the building in the following terms:

For immediate order we quote you as follows: All glass for addtn. to Capitol Bldg. at Bismarck, N. D., as per plans and specifications for the sum of $1,800 f. o. b. cars Bismarck, N. D.

The bid was accepted in the following terms:

We hereby accept your proposal of June 1, 1904, to supply all of the glass of every kind and description required by the plans and specifications for the north wing of North Dakota Capitol at Bismarck, said plans and specifications prepared by Mr. M. E. Beebe, architect, of Fargo, N. D., for the net sum of $1,800 delivered f. o. b. cars Bismarck, N. D. It will be necessary for you to get the cutting sizes from Bardwell & Robinson of Minneapolis, who are preparing the sash and mill work for this building. * * * You are also to prepare and submit to the architect for his approval designs for the leaded and art glass required by plans and specifications.

To which acceptance plaintiffs replied as follows:

Please accept our thanks for your favor of the 15th awarding us contract for furnishing all the glass for north wing of the North Dakota State Capitol of Bismarck for $1,800 delivered f. o. b. cars at Bismarck. We will write Bardwell & Robinson for cutting sizes at once, and will take up matter of lead glass with Architect M. E. Beebe at Fargo.

Thereafter the capitol commissioners exercised the option contained in their contract with defendant and concluded to purchase the art glass from another house, and accordingly $1,320 (264 square feet at $5 per square foot) was deducted from the contract price, and defendant notified plaintiffs of such change. The real controversy in the case is over what took place after such notification.

98 M.—29

Plaintiffs claim that, when they made up the figures for their bid of $1,800 for all the glass called for, they estimated the art glass at $630, and that, when notified by defendant the art glass had been withdrawn, it was agreed between plaintiffs and defendant to reduce the contract price of $1,800 by that much. Defendant claims, on the other hand, that no such agreement was ever entered into, and insists that the amount to be deducted from the $1,800 contract price is the total sum of $1,320. This action was commenced by plaintiffs to recover the full amount as they claim it. Plaintiffs recovered a verdict for $496.60, whereupon they made a blended motion for a new trial and for judgment in their favor for the full amount claimed notwithstanding the verdict, and defendant moved for judgment in plaintiffs' favor for $350.16, the amount conceded to be due. The trial court granted plaintiffs' motion for a new trial, and denied the other motions, and both parties appealed.

Defendant's motion for a directed verdict is based upon the claim that the plans and specifications constituted a part of the contract, and that when plaintiffs submitted their bid of $1,800 they did so subject to that provision of the specifications which permitted the capitol commissioners to withdraw the art glass upon the basis of $5 per square foot. The trial court was justified in rejecting this proposition, for the reason that the plans and specifications were not expressly made a part of the contract. The reference, then, in the letters above set out, applies simply to the amount and sizes required, and in the absence of an express agreement to that effect it will not be inferred that the parties contemplated, in submitting the bid of $1,800 for all the glass required, that, in case the capitol commissioners exercised the option, the amount should accordingly be reduced at $5 per square foot.

The case of Shaw v. First Baptist Church of Winona, 44 Minn. 22, 46 N. W. 146, has no application, for the reason that in that case the plans and specifications were expressly made a part of the contract. A reference to the plans and specifications for a specific purpose does not, of itself, imply an intention to adopt the same with respect to all other provisions, and it is perfectly competent to refer to such contract for a specific purpose only. Short v. Van Dyke, 50 Minn. 286, 52 N. W. 643.

The trial court instructed the jury that if they should find that plaintiffs, in making up the figures for the bid, estimated the amount of the art glass as claimed by them, and that it was agreed between the parties that the contract price should be reduced in that amount, then they should return a verdict for plaintiffs for the full amount demanded in the complaint, but if they should find that no such agreement was entered into, then they should make reasonable allowance to defendant; the art glass not having in fact been furnished by plaintiffs. In granting the motion for a new trial, and denying the motion for judgment notwithstanding the verdict, the court held that the evidence was not sufficient to support the verdict upon any theory. We are of opinion that plaintiffs' motion for judgment was properly denied, for the reason that it does not manifestly and palpably appear from the evidence that the agreement for a reduction was as claimed by them.

A representative of plaintiffs testified there was such an oral arrangement, and a representative of defendant denied it; and, the trial court being of opinion that the evidence was not sufficient to sustain the plaintiffs upon that point, there was no error in granting a new trial.

The position of the parties at the trial was unmistakably this: Defendant claimed that no agreement whatever for a reduction was entered into, and that according to the terms of the writings they were entitled to a reduction of $1,320; and plaintiffs tried the case upon the theory that there was an express agreement for a reduction of the amount estimated by them for the art glass in making up the original bid of $1,800. Such being the issue tried, the character of the pleadings became immaterial. Plaintiffs assumed to prove there was an agreement to reduce to the extent of $630, and failed to satisfy the trial court as to the sufficiency of the evidence on that question. Defendant pleaded, but failed to prove, that there was an express agreement to reduce the amount by $1,320. We are not at this time called upon to determine what would be the measure of damages in case no agreement whatever was made with reference to reduction— whether it would be the reasonable value of the glass actually furnished, or whether there should be a reasonable reduction for the glass not furnished.

The verdict being so entirely at variance with the claims of both parties, and neither party having tried the case upon the theory of reasonable allowance, under all the circumstances the trial court was justified in granting a new trial.

Order affirmed.