FIDELITY & DEPOSIT CO. OF MARYLAND *v.* ANDREWS.

1. BILLS AND NOTES—BONDS—NEGOTIABLE INSTRUMENTS—CONTRACTS—NEGOTIABILITY TO BE DETERMINED BY LAW OF JURISDICTION WHERE CONTRACT MADE.

   The question of negotiability of trust certificates is to be determined from the contract they import and application of the law on that subject in the jurisdiction where the contract was made.

2. SAME—CONDITIONAL PROMISE TO PAY NONNEGOTIABLE—REFERENCE TO ANOTHER INSTRUMENT.

   Trust certificates which on their face state a condition materially affecting payment, and also by apt reference constitute an agreement and lease an essential to a full understanding of the nature and extent of the promise to pay, are nonnegotiable.

3. SAME.

   Where payment of an obligation is, by its terms, made subject to the performance of a lease or receipt of funds from an underlying agreement, the promise is contingent, and, under the negotiable instruments act, the obligation is nonnegotiable.

4. SAME—UNCONDITIONAL GUARANTY BY ONE OTHER THAN MAKER.

   The unconditional guaranty of the payment of nonnegotiable trust certificates by one other than the maker does not render them negotiable.

5. SAME—STOLEN BONDS—LIABILITY OF ONE WHO PARTICIPATED IN RESALE OF STOLEN BONDS.

   In an action to recover the value of stolen nonnegotiable trust certificates, the liability of one through whom a resale was made after they were stolen, *held*, under the evidence, which showed participation in the sale and receipt of the money thereunder, a question for the jury.

Error to Macomb; Reid (Neil E.), J. Submitted June 5, 1928. (Docket No. 24, Calendar No. 33,747.) Decided October 1, 1928.

Assumpsit by the Fidelity & Deposit Company of Maryland, assignee of John P. Glendon & Company, against William J. Andrews and another for the value of stolen bonds. Judgment for plaintiff. Defendants bring error. Affirmed.

*Barbour & Martin, David I. Hubar,* and *John H. Yoe,* for appellants.

*Mark L. Rowley,* for appellee.

WIEST, J. During Federal control of railroads, and by virtue of an act of congress, the Pennsylvania Railroad Company, by Walker D. Hines, director general of railroads, caused equipment trust certificates to be issued and sold by the Guaranty Trust Company of New York, as trustee. The certificates were for the sum of $1,000 each, and gave the holders an interest in the Pennsylvania Railroad Equipment Trust of 1920. The certificates were payable to bearer or to registered owner. The First Methodist Episcopal Church of Clarion, Pennsylvania, purchased two of the certificates, payable to bearer, numbered 35,003 and 35,004, and, for safe keeping, placed them in the safe of the postmaster at Clarion. The night of December 27, 1924, the safe was blown open and the certificates stolen. January 12, 1925, defendant Martin purchased the certificates from Aron Rubin, a furrier, of New York city. Mr. Martin, through defendant Andrews, sold the certificates to John P. Glendon & Company of Detroit. The Glendon Company carried an indemnity bond, issued by the Fidelity & Deposit Company of Maryland. The certificates were claimed by the First Methodist Episcopal Church of Clarion and were surrendered by the Glendon Company. Under its indemnity bond plaintiff herein paid the Glendon Company $2,101.66, took an assignment of

the right of action of that company against defendants Martin and Andrews, brought this suit, and, upon trial before a jury, had verdict and judgment thereon for $2,250.49. Defendants review by writ of error.

It is stated in the brief for defendants that the main issue here is the negotiability of the certificates. In behalf of plaintiff it is claimed that the certificates were nonnegotiable, because they evidenced an interest in the trust, payable only from and out of rentals received from a certain lease. The question of negotiability of the certificates is to be determined from the contract they import and application of the law on that subject in the jurisdiction where the contract was made. The contract under which the certificates were issued was made in the state of New York. The New York negotiable instruments law, being of the uniform series, is, for all practical purposes upon the points here involved, like our statute (2 Comp. Laws 1915, § 6042). Both the New York and Michigan statutes provide:

"An instrument, to be negotiable, * * * must contain an unconditional promise or order to pay a certain sum of money; * * * must be payable on demand, or at a fixed or determinable future time; * * * must be payable to order or to bearer." * * *

Do the certificates in suit contain an unconditional promise or order to pay a sum certain in money? The answer is found upon the face of the certificates in the following language:

"Guaranty Trust Company of New York, trustee, under a certain agreement and lease, dated the 15th day of January, A. D. 1920, between Walker D. Hines, director general of railroads of the first part, the Pennsylvania Railroad Company of the second part and the Guaranty Trust Company of New York,

trustee, of the third part, hereby certifies that the bearer, * * * is entitled to an interest of one thousand dollars, in the Pennsylvania Railroad Equipment Trust of 1920. The principal amount represented by this certificate is payable to bearer, * * * on the 15th day of January, 1929, at the office of the trustee in the city of New York, and in the meantime, dividends will be payable thereon * * * both principal and dividends being payable in gold * * * but only from and out of rentals received from a certain lease of railroad equipment by the Guaranty Trust Company of New York, Trustee, to the Pennsylvania Railroad Company, made in and by the aforesaid agreement and lease. This certificate is one of an issue of fifty-eight thousand four hundred and twelve certificates for $1,000 each, * * * all issued under said agreement, under which said railroad equipment and said lease thereof are held by said trustee in trust for the equal benefit of the holders of the interests represented by said certificates, to which agreement and lease, filed with the trustee at its office in the city of New York, reference is made for a further statement of the rights of the holder hereof thereunder.''

Manifestly the certificates were not ''unconditional promises or orders to pay sums certain in money.'' The certificates on their face stated a condition materially affecting payment, and also by apt reference constituted the agreement and lease an essential to a full understanding of the nature and extent of the promise to pay. The certificates state enough of the trust agreement and lease to render them less than unconditional promises to pay sums certain in money, for payment was expressly made contingent upon prospective receipts of rentals by the trustee. Where payment of an obligation is, by its terms, made subject to the performance of a lease or receipt of funds from an underlying agreement, the promise is contingent, and, under the negotiable in-

struments act, the obligation is nonnegotiable. *Ivory* v. *Lamoreaux,* 241 Mich. 226.

In *King Cattle Co.* v. *Joseph,* 158 Minn. 481 (198 N. W. 798), bonds, by reference to a mortgage or deed of trust, made the indenture a part thereof. In passing upon the question of the negotiability of such bonds, the court stated:

"The mere fact that the bonds were secured by the deed did not change their character or affect their negotiability. *Blumenthal* v. *Jassoy,* 29 Minn. 177 (12 N. W. 517). 2 Fletcher, Cyc. Corp. § 1011. They are deprived of negotiability because the deed is expressly made part of them. It is as though its contents were repeated in them. *Short* v. *Van Dyke,* 50 Minn. 286, 289 (52 N. W. 643). Negotiable paper enters the channels of commerce. It is a medium of exchange in the business world. To circulate freely it must be 'a courier without luggage.' Here, there was 'luggage,' a trust deed of 89 typewritten pages incorporated in the bonds."

Upon rehearing (*King Cattle Co.* v. *Joseph,* 158 Minn. 488 [199 N. W. 437]), the court amplified the former opinion by saying:

"A purchaser of a note or bond does not acquire the rights of a holder in due course unless the instrument is complete and regular upon its face, section 5864, Gen. Stat. 1913 (section 52, uniform neg. inst. act), hence when the language of a bond not only refers to the provisions of the trust deed securing it but makes the bond subordinate to the conditions of the deed, the bond shows upon its face that it is not a complete and regular negotiable instrument. A purchaser cannot determine from a mere inspection of the bond that it contains an unconditional promise to pay a sum certain at a fixed or determinable future time, but must examine the deed to ascertain the precise nature of the obligation of the maker of the bond. *Hull* v. *Angus,* 60 Or. 95 (118 Pac. 284).

"We see no escape from the conclusion that the language of these bonds goes far beyond a mere reference to the underlying security. The parties evidently intended to incorporate and include the provisions of the trust deed in the bonds. They wrote into them a notice to an intending purchaser that, in determining the nature of the obligation of the maker, he could not stop with a reading of the bonds, but must also read the trust deed, for the conditions of the trust deed were impressed upon them. In one sense the bonds were incomplete, not because there were unfilled blanks or omissions to be supplied, for there were none, but because on their face the bonds carried notice that the entire contract of the parties was not expressed. It was necessary to look to a separate instrument to be certain as to when and how the maker of the bonds could be compelled to pay them."

Under the uniform negotiable instruments law the certificates were, on their face, nonnegotiable. The Pennsylvania Railroad Company, in writing, unconditionally guaranteed to the holders of the certificates prompt payment thereof, and defendants contend that such guaranty rendered the certificates an unconditional promise to pay a sum certain in money at a fixed or determinable future time. The guaranty of the railroad company to unconditionally pay was not that of the maker and did not render the nonnegotiable trust certificates negotiable.

We think the liability of defendant Andrews was, under the evidence showing his participation in the sale of the certificates and receipt of money thereunder, a question for the jury, and the court was not in error in refusing to direct a verdict in his favor.

The judgment is affirmed, with costs to plaintiff.

Fead, C. J., and North, Fellows, Clark, McDonald, Potter, and Sharpe, JJ., concurred.