KOCH SAND & GRAVEL COMPANY, Appellant, v. KOSS CONSTRUCTION COMPANY, Appellee.

No. 42700.

APRIL 2, 1935.

OPINION ON REHEARING APRIL 7, 1936.

Carr, Cox, Evans & Riley, for appellant.

Stipp, Perry, Bannister & Starzinger, for appellee.

RICHARDS, J.—A petition for rehearing having been granted, the former opinion, filed April 2, 1935, 260 N. W. 54, is withdrawn and this opinion is substituted therefor as the opinion of the court in this matter.

The Koss Construction Company entered into a contract with the Kentucky state highway commission for the construction of a bridge over Green river, near the town of Spottsville, Ky., in November, 1930. There was some conversation and correspondence between the plaintiff and the defendant as to the furnishing of sand and gravel to the defendant company for use in the construction of said bridge, resulting later in a contract between them. This contract was wholly made by correspondence, and under it the sand and gravel were to be furnished to the defendant at $1.35 per cubic yard.

On the 24th of November, 1930, the plaintiff wrote the defendant the following letter:

"Regarding the sand and gravel to be used in the construction of the Spottsville, Kentucky bridge, which contract you have, we agree to deliver this material to you at Spottsville, Kentucky, by barge, and unload same on the river bank with

our derrick boat, as far as our derrick boat will reach, for the sum of, sand $1.35 per cubic yard and gravel $1.35 per cubic yard, you to let us deliver and unload not less than 1500 cubic yards to each trip. * * *

"It is agreed that if possible you will have this material inspected at the point of loading, at our digger on the barges, but that we will provide a way for keeping the inspector while the same is being inspected.

"It is also agreed that after the material is unloaded on the bank at the bridge site that said material will be the property of the contractor after being placed on said river bank at the contractors risk.

"It is agreed that the material is to be measured by barge measurement and the number of yards thereon is to be agreed upon by a representative of the Koss Construction Company and one of our representatives before same is unloaded.

"Payments are to be made by the 10th of each month for all material delivered the previous month."

This was later accepted by Richard B. Koss of the defendant company.

Pursuant thereto, gravel and sand were loaded, and inspected by a representative of the Kentucky highway commission at the place of loading, and unloaded as provided in said contract. A dispute arose between the parties as to one barge load of material which had been delivered to the defendant, containing about 700 cubic yards, and defendant refused to pay for the same; hence this controversy.

It appears that the defendant had a contract with the Kentucky highway commission in which there were certain provisions and specifications as to the tests which were made of the sand and gravel that were to be used in the construction of said bridge, and, while the material was inspected by a representative of the highway commission at the place of loading, later a different inspector held that the aforesaid 700 cubic yards did not comply with the specifications in the contract between the defendant and the highway commission, and rejected the same. Later a conversation was had between representatives of the plaintiff and the defendant. What was said is in dispute, the plaintiff claiming that its contract was fulfilled by having the material inspected by a representative of the highway commis-

sion and the delivery of the material at the place provided in said contract; and it claims that, in pursuance thereof, when the dispute arose about the 700 cubic yards of sand that had been rejected, the plaintiff claimed that it had fulfilled its contract, and, if the defendant wanted 700 cubic yards more of gravel, it would not only have to pay for what had already been delivered, but for the additional 700 yards required to be substituted for that which was rejected. Defendant's witness denies this conversation. But, however that may be, another barge of 700 cubic yards of material was furnished to the defendant to complete the job.

■■■ The real question involved is practically stated in the last paragraph. How shall this contract be construed? Both parties disregard the provisions of the Uniform Sales Law (Code 1931, section 9930 et seq.), and submit their case wholly upon the question of the construction of the contract between them, the plaintiff asserting that, when the gravel was inspected by a representative of the Kentucky highway commission and accepted by him and the same was barged to the place of delivery and delivered in accordance with the terms of the contract, its contract was completed. It emphasizes this by reason of the provision in the contract that: "It is also agreed that after the material is unloaded on the bank at the bridge site that said material will be the property of the contractor after being placed on said river bank at the contractor's risk." It says further that the fact, if it be a fact (which it claims is wholly immaterial), that in the contract between the defendant and the Kentucky highway commission there was a provision that said sand and gravel was to be subjected to a laboratory test is in no way binding upon the plaintiff, because the specifications of the contract between the defendant and the highway commission are not made a part of the contract between the plaintiff and the defendant. Defendant contends that the fact that reference is made in the contract "regarding sand and gravel to be used in the construction of the Spottsville, Kentucky bridge, which contract you have, we agree to deliver this material, * * * " by inference makes the contract between the defendant and the highway commission a part of this contract. With this contention we cannot agree. It must be borne in mind that the plaintiff here is not a subcontractor and had no contract whatever with the highway commission. The contract between the plain-

tiff and the defendant was wholly independent, and the fact that reference is made as above set out is not with the thought of making any part of the contract between the defendant and the highway commission a part of this contract, but it is intended only to identify the material and the place where the same is to be delivered. Such is the holding in the case of Noyes v. Butler Bros., 98 Minn. 448, 108 N. W. 839. See 9 C. J. p. 710.

It is our conclusion, therefore, that the contract between the highway commission and the defendant was wholly immaterial to the question under consideration herein. We think further that, when the plaintiff had the material inspected and delivered as per the terms of its contract, its duties were completed, especially in the light of the provision of the contract that on delivery at the place specified the material became the property of the defendant. Some light is thrown on this question by the following cases: Expanded Metal Fire-Proofing Co. v. Noel Construction Co., 87 Ohio St. 428, 101 N. E. 348; Dickson v. Darnell, 98 Wash. 301, 167 P. 937; Granette Products Co. v. Neumann & Co., 208 Iowa 24, 221 N. W. 197; City of St. Charles v. Stookey (C. C. A. Eighth Circuit) 154 F. 772; Jones v. Gilchrist (Tex. Civ. App.) 27 S. W. 890; Elliott on Contracts, Vol. 6, section 3707.

It follows that the district court erred in overruling plaintiff's objection to the admission of Exhibit A, being the contract between defendant and the Kentucky highway commission.

■■■ In the second count of defendant's answer is pleaded accord and satisfaction as a defense to plaintiff's claim. It was to withdraw our conclusion with reference to such defense as set out in the original opinion herein that a rehearing was granted and this substituted opinion is now filed. The reason is that a re-examination of the record discloses that the evidence, and particularly the stipulations made by the parties in the court below, make it necessary to say that there was no proof of this defense.

Briefly stated, this defense was based on a check for $2,744.55 given by defendant and accepted and cleared by plaintiff. Defendant's claim is that the check contained the condition that same should constitute final payment for all sand and gravel furnished by plaintiff to defendant under the contract between them. It appears, however, that such was not the nature of the condition, but rather the terms of the condition

were that the check constituted final payment for the sand and gravel delivered that had complied with final inspection by the Kentucky highway commission. There appears in the record the following stipulation made by the parties:

"The right, if any, of the plaintiff to recover and the liability, if any, of the defendant is dependent upon the right of the plaintiff to receive payment from the defendant for the seven hundred cubic yards of sand which were rejected by the Kentucky State highway commission, and the defendant agrees that no payment has been made or tendered by the defendant to the plaintiff for said seven hundred cubic yards of sand rejected by said highway commission." There is the further stipulation in the following words: "The amount of sand and/or gravel in controversy for which no payment has been made by the defendant to the plaintiff is the quantity of 700 cubic yards, the contract price of which was $1.35 per cubic yard."

Very evidently the evidence did not sustain and the stipulations negatived the defense of accord and satisfaction. For the error in admitting in evidence Exhibit A, as pointed out in the earlier portion of this opinion, the case is reversed.— Reversed.

DONEGAN, C. J., and ANDERSON, STIGER, KINTZINGER, and HAMILTON, JJ., concur.