PETER RILEY, Respondent, *v.* THE CITY OF BROOKLYN, Appellant.

The duties and liabilities of the parties to a contract, are measured by the terms of the contract to which they have formally assented, and not by anything that preceded.

Plaintiff contracted to furnish the materials, and grade and pave Ninth avenue from Twelfth street to Greenwood, in Brooklyn, " agreeable to the profile of said avenue on file in the office of the street commissioner, and to keep the same in order for one year." Annexed to the profile was an unsigned statement, purporting to be " an estimate of about the work to be done, etc." The maps and profile showed that the avenue crossed a swamp. After the work was done, the avenue sank about ten feet.

*Held*, that the maps, estimates, profiles and proposals constituted no part of the agreement, save as referred to in and made a part of it; that no other or different agreement would be implied, than that expressed in the written contract, and that under it plaintiff was bound to restore the avenue, and could not recover therefor.

(Submitted September 15, 1871; decided November 11, 1871.)

APPEAL from judgment of the General Term of the second department, affirming judgment entered in Kings county upon report of referee in favor of plaintiff. (Reported below, 56 Barb., 559.)

Plaintiff entered into a written contract with the city of Brooklyn on the 13th day of April, 1865, for grading and paving Ninth avenue, in the city of Brooklyn, from Twelfth street to the Greenwood cemetery. The work was advertised by the city under the charter, and bids invited for the work, according to the profile map on file in the street commissioner's office. In and by said contract he agreed "to furnish all the materials and do all the work necessary to grade and pave Ninth avenue from Twelfth street to the Greenwood cemetery with the best bank paving stone, setting curb and gutter stone, and laying all the necessary crosswalks, agreeable to the profile of said avenue on file in the office of the street commissioner. And also to keep said work in repair for one year after the completion of the same, at his own cost and expense; and in case he shall neglect or refuse, then the said board of contracts are hereby authorized to have said repairs done, and charge the expense thereof to the said party of the second part."

Attached to the profile was a paper headed as follows: "Estimate of about the amount of work to be done and materials required to finish the grading and paving of Ninth avenue from Twelfth street to Greenwood cemetery."

Plaintiff entered upon the contract and completed the same. Two or three days afterward the work sank about eleven feet. The defendant refused to pay plaintiff until he filled it up again, and again laid the curb and gutter, and paved the street. Plaintiff took his last payment, and under protest.

It took about 30,000 yards more of earth than was stated in the estimate above referred to, and it cost plaintiff about $6,600 to repave and reset curb and gutter. To recover for this extra work and material this action is brought.

*W. C. De Witt* and *J. Johnson*, for appellant. (Points cannot be found.)

*J. H. Bergen*, for respondent. There is no question raised that this court can review. (*Lewis* v. *Ingersoll*, 38 N. Y., 347; *Weed* v. *N. Y. and H. R. R. Co.*, 29 N. Y., 616; *Marco* v. *L. and L. Fire and Life Ins. Co.*, 35 N. Y., 664; *Bergin* v. *Wemple*, 30 N. Y., 319.)

ALLEN J. All prior negotiations between the plaintiff, and the agents, and representatives of the defendant, concerning the work to be done, were merged in the written agreement of the 13th of April, 1865. The maps, profiles, estimates, and proposals before then made, constitute no part of the consummated agreement between the parties, except as they are referred to in the contract, and by such reference incorporated into and made a part of it.

The duties and liabilities of the parties are measured, by the terms of the contract to which they have formally assented, and not by anything that preceded. The foundation of the action as alleged in the complaint, is what the pleader has called an implied promise, there being no allegation of an express promise. Fraud is not alleged, and had it been, and the representations relied upon proved to be fraudulent in fact, and that the plaintiff had been induced by them to enter into the agreement, he would be deemed to have waived all claim by reason of the fraud, having after the discovery of the truth, proceeded under the contract, and performed the work agreed to be done. But there is no question of fraud in the action. The complaint of the plaintiff and the foundation of his recovery, is the statement which was annexed in some way to the paper, upon which the pro-

file of the contemplated improvement was exhibited, purporting to be an "estimate of about the work to be done, etc." It was unsigned and did not import strict accuracy, or in any way to qualify or vary the work as indicated by the profile and specifications.

It was not in fact, and was not understood to be a warranty, that the work to be done, and materials to be furnished should not exceed the quantities named in the statement, and was not referred to in the agreement subsequently entered into.

The work was done as contemplated by the act under which it was undertaken (chapter 169 of the Laws of 1861), by contract, and by it the plaintiff in terms, agreed to furnish all the materials and do all the work, necessary to grade and pave the avenue within the limits named, with the best bank paving stone, etc., "agreeable to the profile of said avenue on file in the office of the street commissioner," in the manner and with the materials as specified in detail. He furthe.' agreed "to keep said work in repair for one year after the completion of the same at his own cost and expense."

The profile clearly exhibited the existing surface of the street and the proposed changes of grade, and the filling in of earth, and the excavations to be made were matters of calculation. The character of the soil and the substrata of the roadway, were as well known to the plaintiff as to the inspectors and agents of the defendant, and were open to his examination and survey, and the map and profile, which were the basis of the contract, disclosed upon its face the existence of the swamp, which it is now claimed, required the excess of earth to fill.

The plaintiff expressly agreed with full knowledge, or the means of knowledge of all the facts at his command, to grade and pave the avenue over and across the swamp, and to keep it in repair for a year after its completion, for a compensation specified in the contract. He has but performed his contract, and has earned and received the agreed price. There is no room for the implication of any other or dif-

ferent promise on the part of the defendant, than that expressed in the contract. The parties having made a valid contract, which has been performed, the law will not make another for them, although the result of the one made, may not have been as favorable to one of the contracting parties as was expected. The restoration of the road to its proper condition, after it had sunk from its new grade, by reason of the instability of the ground, was but a performance by the plaintiff of his agreement to keep it in repair for a year, and there is no claim that more filling in of earth was done, than was required, to bring the street to the grade designated upon the profile referred to in the contract. The plaintiff has not made a case entitling him to recover, and the judgment must be reversed and a new trial granted, costs to abide event.

All concur; save Ch. J., and Folger, J., not voting.

Judgment reversed.