HERMAN L. MEYER et al. vs. WILLIAM BERLANDI.

Argued April 18, 1898. Decided April 24, 1898.

**Pleading, Order of.**

In an action for extras upon a building, which was constructed under a contract for a gross price, if the complaint do not set out the contract, and it contain anything to defeat or diminish the claim for extras, it is for the defendant to set it up in his answer as a defense, and then for plaintiff in his reply to set up any matter in avoidance.

**Contract Prevails over Inconsistent Specifications.**

A building contract provided a mode of determining as to extras; the specifications, referred to by and made a part of it, provided a different and inconsistent mode. Held, that in the contract prevails.

**A Provision of a Contract Waived.**

Where the parties proceed throughout in entire disregard of such a provision, they must be held to have waived it.

**Evidence Offered, Properly Excluded.**

A party, while examining a witness, offered a document, saying that he offered it "in connection with the testimony of the witness." Held that, as it could not possibly have any effect to explain or support such testimony, an objection that it was immaterial was properly sustained, even though the document contained evidence which might be material if offered generally.

**Verdict Sustained by the Evidence.**

Evidence held to sustain a verdict.

Appeal by defendant, William Berlandi, from a judgment of the District Court of Ramsey County, *William Louis Kelly*, J., entered September 1, 1892, against him for $1,358.08.

Henry Wegmann and Henry Klemann, on February 11, 1887, made a contract with plaintiff to furnish the materials and build for him, above the foundation walls, a two-story brick building in West St. Paul, according to certain drawings and specifications. He agreed to pay them therefor $11,700. Defendant, during the progress of the work, directed many alterations and deviations from the original contract and specifications, and required of them extra work and materials. He paid the contract price. They assigned to plaintiffs, Herman L. Meyer and William Thompson, their claim for the extra work and materials, and they on April 1, 1892, brought

this action to recover $3,873.20 therefor.    They obtained a verdict
May 24, 1892, for $2,030.60.    Defendant moved for a new trial
which was denied, on condition that plaintiffs remit the excess,
over $1,358.08.    This they did and judgment was entered for that
amount.    "*Exhibit* 19" mentioned in the opinion, was a bill of ex-
tra work and materials, furnished the defendant by the contractors.
The discussion in this court was principally upon the evidence,
whether it supported the verdict, and as to the materiality of por-
tions thereof.

*Warner, Richardson & Lawrence,* for appellant.

*James E. Markham,* for respondents.

GILFILLAN, C. J.    As it is beyond dispute that the contract
price for constructing the building was paid, the first cause of ac-
tion set forth in the complaint need not be considered.    The other
causes of action are for extra work and material, and in their
statement there is nothing to indicate that the claim for such items
was controlled or affected in any way by the terms of the building
contract.    If that contract contained anything to defeat or dimin-
ish the claim for extras, it was for the defendant to allege it in his
answer as a defense, and then for plaintiffs to set forth in their
reply matter in avoidance of that defense.    The answer sets forth
the contract and the specifications, and claims that by the terms
thereof the matter of extras was to be submitted to the arbitration
of the architect, or of two arbitrators, one to be chosen by defend-
ant, the other by the contractors, the assignors of plaintiffs, the
two arbitrators, if they could not agree, to choose a third, and that
except upon such arbitration there could be no claim for extras,
and alleges that there had been none, except as to some items pre-
sented by the contractors and agreed on by them and defendant,
in the presence of the architect.    To this the reply alleges that,
when requested by the contractors to submit the extras claimed to
the decision of the architect or arbitrators, the defendant refused
so to do.    This was a sufficient avoidance of the alleged matter
of defense so that there was no basis for defendant's motion, be-
fore any evidence was introduced, that all evidence be excluded ex-
cept as to the contract price and as to the extras admitted by the
answer.

The contract, which is separate from, but refers to and makes a part of it, the plans and specifications, provides that the owner may at any time direct in writing such alterations and deviations from the plan as he may desire, and that such deductions from or additions to the time of performance and the contract price as the parties at the time shall agree on in writing shall be made; and, if they cannot agree, then it shall be decided by two builders, one to be chosen by each of the parties, and such builders, if they cannot agree, shall choose a third person, not the architect, and his decision shall be binding. The specifications provide that the architect shall decide on the quantity, quality, and value of all materials and work furnished, offered, omitted, claimed as extra, or furnished by owner at his option, unless a price for each item is agreed on in writing beforehand.

These provisions are inconsistent, because they designate different and inconsistent modes of deciding on the same matters, and the question is, which shall prevail? We think the provisions in the contract itself ought to prevail, because it is to be presumed the plans and specifications were prepared first, and that what the parties set down in the contract is the last expression of what their minds settled down to on the matter, and also because, it being matter of contract, the natural place for it, and where one would naturally look for it, is in the contract, and not in the specifications.

Whether the allegations in the reply that the defendant refused to submit the extras to arbitration were proved or not is immaterial, for the reason that there was no question on the evidence, and no question of pleading was made upon it at the trial, that both parties entirely disregarded the stipulations in the contract as to alterations, deviations, and extras, not merely as to the mode of ascertaining the values thereof, but the requirement that the request therefor should be in writing. They proceeded throughout without any reference to those stipulations, and must be held, therefore, to have waived them.

The only ground of objection stated to the witness Wegmann's referring to defendant's "*Exhibit 19*" to refresh his recollection was that it was made by him September 1st, which was at or about the time of doing the work,—indeed, as some of the evidence indicates, while it was going on. That it was properly verified was not hinted

at as an objection, and of course cannot be considered now. The objection was properly overruled.

Afterwards defendant, when the architect as his witness was under direct examination, offered in evidence the same exhibit, stating that he offered it "in connection with the testimony of this witness." The witness had not testified with reference to anything contained in it, but had just stated, on its being shown him, that it was the first time he had ever seen it. From the purpose of the offer as stated the court had a right to assume, and doubtless did, that it was offered to explain or support the testimony that the witness had given, and, as it could not possibly have any such effect, it rightly sustained an objection that it was immaterial. Had the defendant claimed, as he does now, that it contained evidence favorable to him, he ought to have offered it generally, in which case the court would have been called on to examine it, and see whether it contained material evidence, or at least ought not to have indicated such a qualification of the purpose with which he offered it.

The other assignments of error are as to the sufficiency of the evidence. It was clearly sufficient to sustain the verdict, as it was when cut down by the court below.

Judgment affirmed.

(Opinion published 54 N. W. Rep. 937.)