## Dennis H. Hayes v. J. G. Wagner.

### Gen. No. 10,580.

1.  SECONDARY EVIDENCE—*what competent as, where original instrument is incompetent because of unauthorized alterations therein.* Where the court has held that a recovery cannot be predicated upon the original instrument because of unauthorized alterations therein, but may be based upon proof of the .contract in question by the unchanged duplicate of such original instrument held by the other party, and where such unchanged duplicate is not produced by such party upon due notice, then it is competent to introduce an office copy made from such original instrument prior to its unauthorized alteration.

2.  BUILDING CONTRACT—*construction of a particular.*  Where, by the terms of a building contract. a contractor agreed " to furnish and erect all structural iron, cast and ornamental iron, including all field riveting, drilling * * * *according to plans and specifications prepared by the supervising architect,*" such plans and specifications do not become a part of the contract to such an extent as to require the contractor to do brick work and put in concrete and the like.

3.  BILL OF EXCEPTIONS *–when motion to strike, from transcript, will*

*be denied.* A bill of exceptions presented to and signed and sealed by the trial judge within the time prescribed, becomes a part of the record, and will not be stricken from the transcript thereof filed upon appeal.

Action of assumpsit. Error to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed March 18, 1904.

JOHN REID McFEE, for plaintiff in error.

ALBERT E. DENNIS and WILLIAM C. RIGBY, for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is a writ of error prosecuted from a judgment of the Circuit Court rendered upon a second trial of the cause. The facts are sufficiently stated in the opinion of the Appellate Court, reversing a judgment in favor of the defendant in error entered at the first trial. See Hayes v. Wagner, 89 Ill. App. 390. It is unnecessary to restate the facts or to reconsider the views then expressed, in which we fully concur. The conclusion in that case was stated as follows : " If, therefore, it should be determined by a jury that the engagement here in question was entered into by E. W. Wagner with authority to thereby bind plaintiff in error, that the alterations made by R. G. Wagner were made without fraudulent intent, and that the contract is established by proof of the unchanged duplicate held by plaintiff in error, we are of opinion that a recovery might be had for breach."

Upon the trial now under review the unaltered duplicate of the original contract was not offered in evidence. There was a controversy whether the duplicate copy of the altered contract changed by the defendant in error and produced on the trial by plaintiff in error was the duplicate originally possessed by the former or the latter of the two parties. There was evidence, however, tending to prove that the contract in controversy was originally exe-

Hayes v. Wagner.

cuted in duplicate; that one of the said duplicates was retained by each of the parties, and that the duplicate belonging to defendant in error had without the latter's consent passed into the possession of plaintiff in error, by whom it was produced at the trial. It was held in the opinion above referred to that if the alterations were made innocently and without fraudulent intent, their effect would be to destroy the changed writing as evidence of the contract, but would not " preclude a recovery based upon other proof," such for example as the duplicate originally held by the other party. Notice was served upon plaintiff in error to produce his copy which there was evidence tending to show was the unaltered duplicate. Evidence was introduced tending to show the destruction by alteration of the duplicate belonging to defendant in error, and for that purpose we regard the altered duplicate itself as competent evidence. The unaltered duplicate not having been produced by plaintiff in error, defendant in error, having laid a foundation, offered a copy of the original, with evidence tending to show that it was a correct copy of the contract which was originally executed in duplicate, the copy having been made for office use before the destruction or change of the original duplicate then in his possession. We regard this evidence as properly admitted. The altered document was admissible to prove its destruction by alteration in the same way as if it had been partially destroyed by fire or water, and so rendered useless as evidence of what the contract was. The destruction or loss of the original documents evidencing the contract did not necessarily invalidate the agreement itself, nor prevent proof of the contents of the missing or destroyed instruments. We are unable, therefore, to agree with the contention of counsel for plaintiff in error that there is no competent proof of the contract.

It is urged that the trial court erred in construing the contract. By its terms, defendant in error agreed " to furnish and erect all structural iron, cast and ornamental iron, including all field riveting, drilling * * * ac-

cording to plans and specifications prepared by the supervising architect," etc.    It was contended at the trial by counsel for plaintiff in error that the specifications so prepared relating to this branch of the work became a part of the contract in controversy, and required defendant in error to do brick work, put in concrete and the like.    We find nothing in the terms of the contract in controversy nor in the plans and specifications, supporting such construction. The contract required defendant in error to furnish and erect the *iron* work according to the plans and specifications—not *brick* work, and the trial court was correct in so holding.

It is urged that the damages were not sufficiently proven and that the measure of damages fixed in the court's instructions was erroneous.    The latter objection was disposed of at the former hearing, and the former seems to be based upon the claim that in view of the complicated character of the work the measure fixed made the damages problematic and so uncertain that they could not be accurately ascertained. There was evidence warranting the verdict.    The possible contingencies and risks which defendant in error might have had to meet had he been permitted to carry out the contract, were obviated and removed by the acts of plaintiff in error.    That the former might have had accidents or difficulties to meet which might have increased the cost if he had been allowed to perform according to the agreement—at the most a mere conjecture—is not to be presumed for the purpose of relieving plaintiff in error from liability for the actual damages shown by the evidence to be the legitimate result of a breach of the agreement which the jury has found he made and entered into and afterwards deliberately repudiated.

There is a motion pending to strike the bill of exceptions from the files, which motion was reserved to the hearing.    The bill of exceptions was presented, signed and sealed by the trial judge within the time fixed, and by the terms of the statute became thereupon a part of the record.    R. S., chap. 110, sec. 60.    The motion to strike out must be denied.

We have examined with much care the record in this case and considered the arguments of counsel submitted in the briefs. In view of what was said upon the former hearing and the conclusions above indicated, we deem it unnecessary to discuss in detail other questions raised. The judgment of the Circuit Court must be affirmed.

*Affirmed.*