DENNIS H. HAYES

*v.*

J. G. WAGNER.

*Opinion filed February 21, 1906—Rehearing denied April 4, 1906.*

1. ALTERATION OF INSTRUMENTS—*material alteration of executory contract invalidates it.* A material alteration of an executory contract destroys it as a basis of recovery by the person making the alteration without the consent of the other, and no recovery can be had upon the contract, either in its altered form or in its original condition.

2. SAME—*alteration of contract does not defeat recovery on the original unsatisfied obligation.* A material alteration of an executory written contract, even though made without fraudulent intent, destroys the instrument, but if there is an original debt or obligation which was not satisfied or extinguished a recovery may be had on the original debt or obligation.

3. SAME—*when altered contract is admissible in evidence.* In assumpsit for damages for defendant's refusal to allow plaintiff to perform a written contract, the contract, although altered by the

plaintiff without the defendant's consent, is admissible in evidence to show all the facts and circumstances in relation to its execution as a part of the original transaction, and the changes made in it, in connection with the facts and circumstances, in order to enable the jury to determine the fact of the alteration and the intent with which it was made.

4. SAME—*instruments executed in duplicate are both primary evidence.* Instruments executed in duplicate are both primary evidence, and if one of the duplicates is unaltered there is still original primary evidence of the contract as agreed to by the parties, although the other duplicate has been destroyed, by alterations or otherwise.

5. EVIDENCE—*when an unaltered duplicate is admissible as the basis for recovery.* In assumpsit for damages for the defendant's refusal to permit the plaintiff to perform a contract executed in duplicate, if the plaintiff's duplicate has been altered without fraudulent intent, the alterations being intended as memoranda for the making of a contemplated new contract, proof of the contents of the defendant's unaltered duplicate is admissible as the basis for recovery.

6. CONTRACTS—*when a contract does not include masonry.* A contract to "furnish and erect all structural iron, cast and ornamental iron, including all field riveting, drilling, etc.," on a certain building, does not include the stone, brick and cement work upon which the iron work is to rest.

7. DAMAGES—*measure of damages—witnesses may assume that contract would be completed on time.* The difference shown by the evidence between the contract price for a building contract and what it would have cost the plaintiff to have done and completed the work is the measure of damages in an action by the plaintiff for defendant's refusal to permit performance; and witnesses testifying as to what the work would have cost the plaintiff may assume that the contract would have been completed without accidents and within the stipulated time.

8. WITNESSES—*jury may apply same tests to experts as to other witnesses.* The jury may consider the evidence, including the testimony of experts, in the light of their common observation and experience, and may apply the same tests to experts as to other witnesses in determining their credibility.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

Lantry & Lyon, for appellant.

Mr. Chief Justice Cartwright delivered the opinion of the court:

Defendant in error, J. G. Wagner, doing business as the Milwaukee Bridge and Iron Works, sued plaintiff in error, Dennis H. Hayes, and three others, as partners doing business as D. H. Hayes & Co., in an action of assumpsit in the circuit court of Cook county, for damages alleged to have resulted from the refusal of the defendants to allow plaintiff to perform a contract, by which, in consideration of $52,000 to be paid to him, he was to "furnish and erect all structural iron, cast and ornamental iron, including all field riveting, drilling, etc., for the United States appraisers' warehouse in New York, N. Y., according to the plans and specifications prepared by the supervising architect of the treasury." E. W. Wagner, one of the defendants, was not served with process and the suit was dismissed as to two other defendants, and there was a trial by jury against the defendant Dennis H. Hayes alone. There was a verdict for the plaintiff for $8320, upon which judgment was entered. The Branch Appellate Court for the First District affirmed the judgment on a writ of error to the circuit court, and the record has been brought into this court by a writ of error to review the judgment of the Appellate Court.

The contract was in writing and in duplicate, and the judgment of the Appellate Court has settled the fact that it was executed by the parties. One of the originals so executed was kept by the plaintiff and was afterward altered in material respects by changing the amount to be paid for the work from $52,000 to $54,700, changing the date of the completion of the work, and making other alterations in the agreement. The trial court, after receiving evidence as to the circumstances under which and the intent with which the alterations had been made, admitted in evidence the altered duplicate, and also admitted secondary evidence of the con-

tents of the duplicate retained by the defendant. It is contended that the court erred in overruling the objections of the defendant to such evidence. The changes in the contract made by the plaintiff made it different, in legal effect, from what it was when executed by, the parties, and were therefore material. A material alteration of an executory written contract destroys it as a basis of recovery by the person making the alteration, and the changes in this contract invalidated it as against the defendant, who did not consent to such changes. No recovery could be had upon the contract, either in its altered form or in its original condition, and it was wholly void. (*Pankey* v. *Mitchell,* Breese, 383; *Gillett* v. *Sweat,* 1 Gilm. 475; *Benjamin* v. *McConnel,* 4 id. 536.) This was conceded to be the law, and the altered instrument was not offered in evidence as a basis for a recovery of damages, but only to show all the facts in relation to its execution as a part of the original transaction, and the changes made in it, in connection with all the facts and circumstances. The question whether there has been an alteration in a contract and the intent with which it has been made are questions for the jury, to be determined from all the circumstances. (2 Elliott on Evidence, sec. 1516.) The intent with which alterations are made may be, and in this case was, material. If an alteration is innocently made, without fraudulent intent, it destroys the instrument by changing it into one to which the parties never agreed. But if there is an original debt or obligation which was not satisfied or extinguished by the instrument, a recovery can be had in such a case on such original debt or obligation. (*Vogle* v. *Ripper,* 34 Ill. 100; *Elliott* v. *Blair,* 47 id. 342; 2 Cyc. 183; 2 Am. & Eng. Ency. of Law,—2d ed.—200.) The court did not err in admitting in evidence the altered instrument for the purpose for which it was offered.

The objection of counsel for the defendant to the secondary evidence of the unaltered duplicate was, that the alteration of one rendered the other nugatory and void, and had

the same effect upon the other duplicate that it had upon the one altered. A duplicate is defined as a document which is the same, in all respects, as another instrument from which it is indistinguishable in its essence and operation. (10 Am. & Eng. Ency. of Law,—2d ed.—318.) Instruments are executed in duplicate so that each party may have an original, and one is not a copy of the other, but both are primary evidence. In order to introduce an original duplicate it is not necessary that the other should also be produced, but to admit secondary evidence of the contents of one it is necessary to show the loss of both. (1 Greenleaf on Evidence, sec. 558.) If one of the duplicates is unaltered there is original primary evidence of the contract as agreed to by the parties, although the other duplicate has been destroyed, by alterations or otherwise. We see no good reason why the same principle upon which a recovery is allowed on the original consideration in case of an alteration without fraudulent intent, should not be applied in a case where one of the duplicates has been innocently changed without fraudulent intent. The evidence for the plaintiff was that the alterations were made in contemplation of making a new and different contract, and that they were innocently made, without fraudulent intent, in the expectation that such new contract would be executed in the altered form, and were intended as notations or memoranda for making the new contract. We think it was proper to allow proof of the contents of the unaltered duplicate as the basis for recovery.

It is also urged that the trial court erred in allowing plaintiff to introduce in evidence a letter to third persons asking for plans and specifications for the warehouse, two letters to the plaintiff signed by E. W. Wagner, the signatures to which were not proved, and letters to the defendant which he refused to receive from the letter carrier, and also a telegram. The plaintiff got the plans and specifications asked for by the first letter, and the plaintiff proved that the defendant refused to receive the letters from the carrier, so

that the jury certainly understood that he never got them. It may be said as to all these papers that there was nothing in any of them from which we can see that any harm was done by their admission in evidence. The rulings appear to have been incorrect, but not prejudicial, and therefore not ground for reversal.

It is insisted that the trial court erred in making improper remarks before the jury and in giving an oral instruction. We do not think the remarks were improper, and what is alleged to have been an oral instruction was a statement made by the court in ruling on a motion to exclude the testimony of a witness in regard to wages in New York. The witness was testifying to what it would have cost plaintiff to perform the contract, and stated what the wages were in New York from information which he had obtained. In reply to the counsel the court asked how a man would know what the wages were in New York, if he wanted to figure on a New York job, unless some one would tell him. Exception being taken to the remark, the court told the jury to disregard it. It was not in the nature of an oral instruction or objectionable on that ground.

It is further insisted that the court erred in construing the contract and in directing the jury as to the measure of damages. The court construed the language of the contract given above as only requiring the plaintiff to do the iron work, and not including the stone, brick and cement work upon which it was to rest, and in such construction we think the court was right. By the contract the work was to be completed by a specified time, and on a failure plaintiff was to pay as liquidated damages $400 for each day thereafter, provided the United States government charged the defendant that amount for delay. It appeared by cross-examination of witnesses testifying for the plaintiff as to the cost of performing the contract, that they omitted any possible damages for failure to complete the contract on time, possible forfeitures, accidents, insurance against accidents, salaries

of officers, and other like matters, and assumed that the contract would be performed without accidents and within the stipulated time. They testified that they could figure the cost of performing the contract within two to five per cent of what it would have cost, and the evidence was competent and properly admitted. The measure of damages given to the jury in the instructions was the difference shown by the evidence between the contract price and what it would have cost the plaintiff to have done and completed the work according to the terms of the contract. The instructions were correct.

It is not practicable to take up and discuss at length all the objections to and criticisms of instructions given at the request of plaintiff. In our opinion none of them are well founded. It is true that the first instruction submitted the question of the materiality of the alterations by the plaintiff to the jury, but the instruction did not authorize any recovery on the altered duplicate. The purpose of the instruction was to advise the jury that changes in one of the duplicates, if they believed, from the evidence, such changes were made in the presence and with the knowledge of the defendant Wagner, and in good faith, without fraudulent intent, would not prevent the plaintiff from suing on the unaltered duplicate. The instruction did not assume that the alterations were made in the presence and with the knowledge of the defendant Wagner, but submitted the question to the jury.

The fourth instruction directed the jury to find the issues for the plaintiff if, upon the whole case, the preponderance of the evidence was with the plaintiff. The objection made is, that where there are different issues the jury might regard the preponderance as to one in favor of one party, and yet upon the whole case might find the preponderance in favor of the other party on account of the volume of the evidence in favor of that party on some one of the issues. If there is anything in the argument it could not have had the effect suggested in this case.

The fifth instruction was not objectionable for a failure to state every necessary element of plaintiff's cause of action.

It is contended that the sixth instruction erroneously stated the law of agency and was not applicable to the case. The altered contract had been surrendered to the defendant by a civil engineer in the employ of the plaintiff, to whom the contract had been given, and the evidence for the plaintiff was that the agent was authorized to hand the altered contract to the defendant after the defendant had signed the substituted contract, but that he surrendered it without authority. The sixth instruction advised the jury that if the agent delivered the contract to the defendant E. W. Wagner contrary to his instructions, and E. W. Wagner knew that such delivery was contrary to such instructions, then the defendants were chargeable with notice that the agent was without authority to deliver up the contract. There was no dispute of the fact that Wagner received the altered contract for the defendant, and inasmuch as he was acting for the defendant, notice that the agent had no right to surrender it to him was notice to defendant, and the instruction was not incorrect.

The eighth instruction authorized the jury to consider the evidence in the light of their common observation and experience, and it is insisted that they had no such right in considering the testimony of the experts. The thirteenth instruction directly authorized the jury to apply the same tests to experts as to other witnesses in determining their credibility, and we do not regard either instruction as erroneous. So far as the common observation and experience of the jurors cast any light on the testimony of experts, we see no reason why they should not avail themselves of such observation and experience, and we know of no reason for excepting experts from the ordinary tests applied to other witnesses.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*