Barney, J.,
delivered the opinion of the court:
On the 14th day of February, 1901, the claimant entered into a contract with the defendants for the construction of four observation towers, three at Fort Flagler and one at Fort Worden, in the State of Washington. By the terms of the contract the claimant was to commence work within ninety days of notification of the approval of the contract by the Chief of Engineers of the United States Army and complete the towers within seven months from the date of such notification.
The contract, among other things, contains the following provisions:
Paragraph 4 concludes with this language:
“Provided, however, That if the party (or j>arties) of the second part shall by epidemics, freshets, ice, local or state quarantine restrictions, force of violence of elements, or other unavoidable cause of delay, and by no default of his or their own, be prevented either from commencing- or completing the work, or delivering the materials at the time agreed upon in this contract, such additional time may, with the prior sanction of the Chief of Engineers, be allowed him or them, in *579 writing, for such commencement or completion as, in the judgment of the party of the first part, or his successor, shall be just and reasonable; * *
Paragraph 5:
“ It is further expressly understood and agreed that in case of failure on the part of the party of the second part to complete this contract as specified and agreed upon, the said United States shall have the right to recover from the party of the second part all cost of inspection and superintendence incurred by the said United States during the period of delay, and also whatever sums may be expended by the party of the first part in completing the said contract in excess of the price herein stipulated to be paid to the party of the second part for completing the same. * *
Specification 34, which is made a part of the contract, is as follows:
“ 34. Should the time for the completion of the contract be extended, all expenses for inspection and superintendence during the period of extension, the same to be determined by the engineer officer in charge, shall be deducted from payments due or to' become due to the contractor: Provided, hotcever, That if the party of the first part shall, in the exercise of his discretion, because of local or state quarantine restrictions, freshets, ice, or other force or violence of the elements, allow the contractor additional time in writing, as provided for in the form of the contract, there shall be no deduction for the expenses for inspection and superintendence for such additional time so allowed: * *
The claimant was notified of the approval of the contract on the 25th day of March, 1901, thus becoming obligated to complete the work under the same on or before October 25, 1901. The work, however, was not completed within this time, owing to difficulty in obtaining material from subcontractors and defects in some of the ironwork which had to be corrected. For this reason the,claimant asked for and obtained, with the consent of the Chief of Engineers, an extension for a reasonable time within which to complete the work; and it was completed June 8, 1902, and accepted by the defendants.
*580 It is contended by the claimant that no expenses for inspection and superintendence should be charged against it under the contract if the work was completed within a “ reasonable time ” after October 25,1901, the time for its completion having been thus extended as before stated. This contention is based upon the argument that paragraph 5 of the contract and paragraph 34 of the specifications, above quoted, are inconsistent, and for that reason the provision of the specifications should be disregarded. We 'are thus asked to consider the extension of time for the completion of the contract as a waiver of all expense to the- defendants resulting therefrom, and which would perhaps be true if no consideration was given to paragraph 34 of the specifications. It is doubtless true that where there is an inconsistency in the provisions of the contract and the provisions of the specification, the positive language of the contract should prevail (Meyer v. Berlandi, 53 Minn., 59); but it is equally well settled that all parts of a contract will be construed in such a way as to give force and validity to all of them, and to all the language used, when that is possible (2 Parsons on Contracts, 505). We see, however, no inconsistency whatever in the provisions of the contract quoted.
Paragraph 5 provides generally for the payment by the claimant of all additional costs and expenses of inspection and superintendence incurred by reason of delay on the part of the claimant in the completion of the contract; while the proviso of paragraph 4, taken in connection with specification 34, provides for cases where such extensions of time may be granted under circumstances relieving the claimant from the payment of such expenses. The findings do not show that the claimant has brought itself within this proviso, which enlarges but little, if any, the common law rule in that regard (2 Parsons on Contracts, 672; Satterlee v. United States, 30 C. Cls. R., 51) ; and we therefore hold that under the contract “ all expenses for inspection and superintendence ” during the period of extension mast be paid by the claimant.
*581 The deductions made by the Government were about 19 per cent of the whole cost of the work and included many itenls which we do not think are properly chargeable as expenses for inspection and superintendence. Just what amount is properly chargeable is somewhat problematical, but we think the finding in that regard is fully justified by the evidence.
Judgment is therefore ordered for the claimant in the sum of $1,329.55.
Howry, J., was absent when this case was tried and took no part in its decision.