ALBERT E. CRUTHERS ET AL. *vs.* MICHAEL H. DONAHUE.

Second Judicial District, Norwich, April Term, 1912.

PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER AND RALPH
WHEELER, Js.

When a building contract is accompanied by plans and specifications
which are referred to in the contract and made a part thereof,
the specifications cannot, in the absence of express provision to
that effect in the contract, restrict the scope of the contract or
extend it to subjects other than those covered by the terms of the
contract. The specifications serve the purpose of explaining and
amplifying, but not of adding to, the provisions of the contract.
In case of conflict in terms, the contract prevails over the specifica-
tions.

The plaintiff contracted in writing to furnish all the mason work,
supervise the carpenter work, and furnish all labor for scaffolding
and cartage required to build for defendant a woolen mill, in
accordance with certain specifications made a part of the contract,
and defendant agreed to pay therefor $10,000, and to furnish all
material and pay for all carpenter work, and the specifications
provided that the roof should be covered with gravel roofing of
certain quality, and that "all this roof material is to be the fur-
nished by the contractor." The finding states that the construction
of a gravel roof is a separate trade, and not within the ordinary
business of either a mason or carpenter. *Held* that the trial court
erred in holding that the specifications controlled the contract
and made it the duty of the plaintiff to furnish the material and
labor for the gravel roof.

A new trial will not be granted for error as to an item of insignificant
amount, which was ignored both in the finding and in the assign-
ments of error.

Argued May 1st—decided July 26th, 1912.

ACTION to recover a balance claimed to be due upon
a contract for work done in the construction of a mill
building, brought to and tried by the Court of Common
Pleas in New London County, *Waller, J.;* facts found
and judgment rendered for the defendant, and appeal
by the plaintiffs. *Error, judgment set aside and cause
remanded.*

*Charles F. Thayer* and *Charles V. James,* for the appelants (plaintiffs).

*Jeremiah J. Desmond,* for the appellee (defendant).

GEORGE W. WHEELER, J. The plaintiffs, copartners, doing business as contracting masons, in Norwich, entered into a contract with the defendant, a woolen manfacturer, by which they agreed to furnish all the mason work, supervise the carpenter work, and furnish all labor for scaffolding and cartage required to erect, build, and finish for the defendant a woolen mill in Baltic, in accordance with certain drawings and specifications which were made a part of the contract. And the defendant agreed to pay the plaintiff therefor $10,000, and to furnish all material, including brick, lime, cement, lumber, sand, granite, windows, window frames, doors and door frames, iron plates and posts, and all parts required for the completion of the building, and to furnish and pay for all necessary carpenters for the carpenter work.

Upon its face, the contract was not one to erect and complete a building, any more than was the contract in *O'Brien* v. *Peck,* 198 Mass. 50, 84 N. E. 325.

The plaintiffs did all the work and furnished all the materials required on their part, under the said contract, except that they neglected and refused to perform the labor and furnish the material required and necessary to construct the gravel roof referred to in the specifications.

The defendant was obliged to expend, and did expend, $804.01 in furnishing the labor and material necessary to construct said gravel roof. The defendant paid the plaintiffs the amount due under their contract, less the sum of $804.01, being the amount expended by them in constructing said gravel roof.

The plaintiffs sue to recover the balance due under their contract, viz. $804.01. The defendant pleads payment, and sets up, by way of set-off and counterclaim, the amount expended as aforesaid for said gravel roof, and claims that so much thereof as may be necessary be set off against any sum found to be due the plaintiffs. The contract did not refer to the roofing. The specifications provided that the entire roof should be covered with a gravel roof, 5-ply quality, and finished with specified material and in a specified way. And then followed this provision: "All this roof material to be furnished by the contractor."

The difference between the parties arises over their differing interpretation of the contract. The defendant claims that the plaintiffs were, under the contract, bound to perform all the work and furnish all the material required to construct the roof, while the plaintiffs claim that their part of the contract did not require them to perform any of the labor or furnish any of the material for this gravel roof.

By reference, and in terms, the specifications are made a part of the contract, so far forth as made applicable to its terms. *Geary* v. *New Haven*, 76 Conn. 84, 55 Atl. 584. But in the absence of express provision in the contract, the specifications can neither restrict nor extend the scope of the contract to subjects other than those covered by the contract. The specifications serve the purpose of explaining and amplifying the provisions of the contract to which they refer. In fact, they show what the contract really was. They speak to the contract as it is; they cannot add to its terms unless the intent, as manifested in the contract, so to do, is clear.

In *Moreing* v. *Weber*, 3 Cal. App. 14, 20, 84 Pac. 220, the court said: "The rule seems so well established that it may be said to be elementary that where, in a

contract, reference is made to another writing for a particular specified purpose, such other writing becomes a part of the contract for such specified purpose only, and, therefore, this writing, known as the 'specifications,' can serve no other purpose than to furnish the plan and specifications as to how the grading should be done, and is foreign to the contract for all other purposes."

In *Beattie* v. *McMullen*, 80 Conn. 160, 67 Atl. 488, the specifications were made a part of the contract. We held (p. 176): "Exhibit *A* [the contract] does not make all of Exhibit *B* a part of it, but only such parts as may be applicable."

In *Hayes* v. *Wagner*, 113 Ill. App. 299, affirmed in 220 Ill. 256, 261, 77 N. E. 211, the contractor agreed, by the contract, "to furnish and erect all structural iron, cast and ornamental iron, including all field riveting, drilling . . . according to plans and specifications prepared by the supervising architect." The claim was made that the specifications required the contractor to do the brick work as well as the iron work. And of this claim, the court said (p. 302): "It was contended . . . that the specifications so prepared relating to this branch of the work became a part of the contract in controversy, and required defendant in error to do brick work, put in concrete and the like. We find nothing in the terms of the contract in controversy, nor in the plans and specifications, supporting such construction. The contract required defendant in error to furnish and erect the *iron* work according to the plans and specifications—not *brick* work, and the trial court was correct in so holding."

*Baltimore & O. R. Co.* v. *Stewart*, 79 Md. 487, 497, 29 Atl. 964, presents a case where it was sought to add to the terms of a contract a provision of the specifications that the company might, at its pleasure, annul the contract without incurring liability. The court

held that the question was whether, looking to the terms of the contract, and the subject-matter to which it refers, and the circumstances under which it was executed, an agreement of this sort could be found, and, so examining, held there could not be.

In *White* v. *McLaren*, 151 Mass. 553, 557, 24 N. E. 911, the court held that a provision in the specifications, "All to be guaranteed for one year from completion of the building," was not a part of the contract because not made a part thereof. *Riley* v. *Brooklyn*, 46 N. Y. 444; *Harlow & Co.* v. *Homestead*, 194 Pa. St. 57, 60, 45 Atl. 87.

Let us construe this contract in the light of this principle. There is nothing in the contract concerning the construction of the gravel roof, or of anything to be done in connection with the gravel roof, except the obligation of the plaintiffs to do all the cartage; necessarily this included that required for the roofing. The plaintiffs' obligations under the contract are specific. They were confined to the mason work, the supervision of the carpenter work, and to the cartage. Theirs was strictly a working contract. The construction of a gravel roof, as the finding states, is a separate trade or business and not a part of the ordinary business of a brick and stone mason, or of a carpenter.

The labor required in constructing a gravel roof can by no possible construction be brought under these several heads comprising the plaintiffs' obligations.

On the other hand, the defendant bound himself to furnish all material. As no exception was made in the contract, these included the roofing materials.

It follows as a matter of law that since this provision of the specifications does not relate to any subject which the plaintiffs were required to perform, or furnish, it cannot be held to be a part of the contract.

Again, the roofing-clause of the specifications not be-

ing found in the contract, and being inconsistent with the terms of the contract, is to be disregarded, upon the familiar principle that in case of conflict in terms the contract prevails over the specifications.

The reasons for this rule are well stated in *Meyer* v. *Berlandi*, 53 Minn. 59, 61, 54 N. W. 937: "We think the provisions in the contract itself ought to prevail, because it is to be presumed the plans and specifications were prepared first, and that what the parties set down in the contract is the last expression of what their minds settled down to on the matter, and also because, it being matter of contract, the natural place for it, and where one would naturally look for it, is in the contract, and not in the specifications."

The obvious purpose of the specifications was to point out to the several contractors the details of their particular agreement to furnish material and labor, or material or labor; the kinds and quality of the material to be used, and the method and manner of performing the several kinds of work in building the mill.

There was, as we have pointed out, no possible obligation on these plaintiffs in reference to the roofing, except as to the cartage of the roofing materials. The item for cartage was at best one of comparative insignificance, for which a new trial should not be granted; *Watson* v. *New Milford*, 72 Conn. 561, 565, 45 Atl. 167; and the court, in paragraph four of the finding, has found that the plaintiffs did all the work and furnished all the materials required on their part under said contract, except the roofing. This plainly refers to the work and material required in the construction of the roof, and not to the work in the cartage of the roofing materials.

Several circumstances point to the correctness of our interpretation of this paragraph of the finding: (1) The defendant makes no contrary claim; (2) the court in its

exhaustive memorandum does not refer to such a claim; (3) the finding is otherwise entirely silent as to such claim; and (4) by necessary inference the finding denies it,—by its statement that it gave the plaintiffs notice to perform the work and furnish the materials required to construct said roof, and that upon failure to comply with said notice it procured and furnished the labor and material necessary to construct said gravel roof.

The finding further shows that the' defendant expended in constructing said roof $804.01. The defendant had no right to withhold this sum, being the balance due on the contract, from the plaintiffs.

There is error, the judgment is set aside, and the cause remanded with direction to render judgment for the plaintiffs to recover $804.01, with interest from April 20th, 1908.

In this opinion the other judges concurred, except RALPH WHEELER, J., who dissented.