INGERSOLL-RAND COMPANY, A CORPORATION, APPEL-
LANT, v. UNITED STATES FIDELITY AND GUARANTY
COMPANY, RESPONDENT.

Submitted July 8, 1918—Decided November 18, 1918.

1. In construing a contract for the sale of machinery, unsigned
specifications, not contained in the contract nor in terms made
a part thereof by the contract itself, but referred to therein and
annexed thereto, must be construed therewith. But where the
specifications are referred to for a specific purpose only, they
become a part of the contract for such purpose only, and should
be treated as irrelevant for all other purposes.

2. The word "specifications" as used in a contract for machinery
ordinarily means a specific and detailed description of the thing
to be furnished or of the work to be done, and does not include
the reservation of title to the machinery.

3. Where a contract for the sale of machinery upon terms therein
stated, provides that one of the machines shall be "of the size
and dimensions as set forth in the attached specifications," which
specifications were unsigned and not in terms made a part of
the contract, the mere fact that the specifications conclude with
a statement that title to the property does not pass until the
whole of the purchase-money is paid, does not operate to retain
title in the vendor after delivery.

On appeal from the Supreme Court.

For the appellant, *Colby, Whiting & Moore* (*Ira C. Moore,
Jr.*, on the brief).

For the respondent, *McDermott & Enright*.

The opinion of the court was delivered by

TRENCHARD, J.   The Ingersoll-Rand Company, the plaint-
iff below, sued to recover the value of certain machinery which
it claimed was its property and was wrongly converted by the
defendant to its use.

The record disclosed the following situation: Prendergast
& Clarkson had a contract with the United States government
for the building of the Shoshone dam at Cody, Wyoming.

They needed certain machinery for use in this work. The plaintiff, in writing, proposed to furnish them an Ingersoll-Rand air compressor "of the size and dimensions as set forth in the attached specifications," together with various other machines and appliances in the proposal described, at a price of $13,001, upon "terms one-third cash on shipment, one-third 60 days thereafter, and the balance 120 days after shipment." This proposal was signed by the plaintiff and following the signature is "Accepted February 24, 1906, Prendergast & Clarkson by T. J. Prendergast, President." To this contract was attached certain unsigned specifications which concluded with a statement that the title and right of possession to the compressor "remains in the *Rand Drill Co.* until the compressor has been fully paid for in cash." A part of the machinery thus sold (including the compressor) was delivered to Prendergast & Clarkson at Cody, and was used by them in their work on the dam. Later, by reason of a wash-out at the dam, they defaulted on their contract, and the United States government, pursuant to its contract rights, took possession of all the machinery and appliances on the ground, among others, those which are the basis of this suit, being a part of that furnished by the plaintiff, and then called on the defendant company (which was surety for the performance of the dam contract) to do the work of construction. At the same time the government, in supposed compliance with the defendant surety company's contract rights, turned over to the defendant the machinery and appliances thus taken into possession. Inasmuch as the plaintiff had not been paid in full for this property, it brought this suit, which is based upon the claim that title to the property did not pass until the whole purchase-money was paid.

The trial judge, sitting at the Hudson Circuit without a jury, found for the defendant, and the plaintiff appeals.

We are of the opinion that the judgment must be affirmed.

Of course, if we look only at the contract for the sale of this machinery (without regard to the specifications), there can be no doubt that the title passed to the purchaser upon delivery. The question which the case presents is, however,

whether the unsigned annexed specifications, taken in connection with the contract itself, were operative to retain the title in the plaintiff, for the rule is that unsigned specifications, not contained in the contract nor in terms made a part thereof by the contract itself, but referred to therein and annexed thereto, must be construed therewith. *North Bergen Board of Education* v. *Jaeger,* 67 *N. J. L.* 39; *Monmouth Park Association* v. *Warren,* 55 *Id.* 598; *McGeragle* v. *Broemel,* 53 *Id.* 59.

But it is also the rule that where the specifications are referred to for a specific purpose only, they become a part of the contract for such purpose only, and should be treated as irrelevant for all other purposes. *Short* v. *Van Dyke,* 50 *Minn.* 286; *Harvy* v. *Radkey,* 1 *Tex. App. Civ. Cas.* 276; *Noyes* v. *Butler,* 98 *Minn.* 448; *Guerini Stone Co.* v. *P. J. Carlin Construction Co.,* 240 *U. S.* 264; *White* v. *McLaren* (*Mass.*), 24 *N. E. Rep.* 911; *Moreing* v. *Weber,* 3 *Cal. App.* 14; *Cruthers* v. *Donahoe* (*Conn.*), 84 *Atl. Rep.* 322; *Hayes* v. *Wagner,* 113 *Ill. App.* 299; *affirmed,* 220 *Ill.* 256.

Tested by this rule, we think the reservation of title found in the "attached specifications" was no part of the contract.

The word "specifications," when used in such a contract, ordinarily means a specific and detailed description of the thing to be furnished or the work to be done. The specifications in question were of that character. True they concluded with the statement that the title and right of possession to the compressor "remain in the *Rand Drill Co.* until the compressor has been fully paid for in cash." But that is not a "specification" within the meaning of the term.

It is to be noted that the "attached specifications" were not in terms made a part of the contract and the only reference therein to them is in the clause describing the compressor as "of the size and dimensions as set forth in the attached specifications" No doubt they were thus referred to for the purpose only of fixing the size and dimensions of the compressor, and not for the purpose of adding new terms to the contract by making it a conditional sale. This view is strengthened by the fact that the specifications used were evi-

dently prepared for use by the *Rand Drill Co.* (plaintiff's predecessor in business), and, while quite appropriate for fixing the size and dimensions of the compressor, were inappropriate to reserve title in the plaintiff.

Since the contract in question was not a conditional bill of sale, and since the title passed to Prendergast & Clarkson under common law principles, we are not concerned with the Wyoming statute respecting the recording of conditional bills of sale.

The judgment below will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal* — None.