GEORGE A. RIDDLE. doing business as GEORGE A. RIDDLE & COMPANY, Appellant, v. PELLIGREEN CONSTRUCTION COMPANY, a Corporation, Respondent.

St. Louis Court of Appeals.   Opinion Filed February 7, 1922.

1. **CONTRACTS: Building Contracts: Subcontractor: Slate Roofing: Guaranty: Does not Include Defect in Roof Resulting from Work of Other Contractors.** Under a subcontract to do the slate roofing of a building according to plans and specifications made by the architects, a clause in the specifications saying "roofs to be guaranteed free from leaks for five years" was not embodied in the subcontract and was no part thereof, as the subcontract was to do the slate part of the roof only; the reference therein to the plans and specifications being solely for the purpose of determining the character, kind and quality of slate and the manner in which it should be put on, hence such subcontractor cannot be held responsible for the failure of the contractor or its other subcontractors properly to do the carpentry work or sheet metal work which went into and was made a part of the roof, nor the failure properly to care for the roof after it was put on.

2. **WORK AND LABOR: Extra Work: Implied Contract to Pay for Services.** Where there is no such relationship between the parties as would create any presumption that plaintiff, a subcontractor,

intended doing certain extra repair work for nothing, or that he did not intend to charge therefor, in the absence of such relationship the law will imply an agreement to pay for same.

3. **INSTRUCTIONS:** Refused Instruction Covered by Others Given: Not Error. In an action by a subcontractor against the principal contractor to recover for repair work done at the latter's request, an instruction requested by defendant and refused by the court to the effect that if the jury found that at the time plaintiff did the work and furnished the materials he did not intend to make any charge therefor, then their verdict should be in favor of the defendant, was not reversible error where other instructions given properly presented the issues as made by the pleadings.

Appeal from the Circuit Court of the City of St. Louis.— Hon. *Franklin Ferriss*, Judge.

REVERSED AND REMANDED (*with directions*).

*Virgil Rule* and *Henry H. Furth*, for appellant.

(1) Instructions must be taken as a whole. Tawney v. United Railways Co., 262 Mo. 602; Patterson v. Evans, 254 Mo. 293; Flaherty v. Transit Co., 207 Mo. 318; Barrett v. Delano, 187 Mo. App. 501; Jackson v. Western Union Tel. Co., 174 Mo. App. 70; Shanahan v. Transit Co., 109 Mo. App. 228; Wiley v. Wiley, 182 S. W. 107. (2) If when taken together they properly state the law, it is sufficient. Feary v. O'Neill, 149 Mo. 467; Liese v. Meyer, 143 Mo. 547; Burdoin v. City of Trenton, 116 Mo. 358; Harrington v. City of Sedalia, 98 Mo. 583; Prewett v. Martin, 59 Mo. 325; Henschen v. O'Bannon, 56 Mo. 289; Porter v. Harrison, 52 Mo. 524; Young v. Lanzner, 112 S. W. 17; Brown v. Globe Printing Co., 112 S. W. 462. (3) Whether an instruction is erroneous depends on consideration of the instructions as a whole. If the instructions, taken as a whole, properly present the facts to the jury, they should be given, although one of them, standing alone, might be erroneous. They should be taken in their entirety and construed in their combination. Dutcher v. Wabash R. R. Co., 241 Mo. 137; Noble v.

Blount, 77 Mo. 235; Callaway v. Fash, 50 Mo. 420. (4) Instructions must be confined to the issues raised by the pleadings and must be founded on the evidence. Scrivner v. Mo. Pac. R. R., 260 Mo. 421; Riley v. City of Independence, 258 Mo. 671; Schumacher v. Kansas City Breweries Co., 247 Mo. 141; Degonia v. St. Louis, Iron Mountain & Southern R. R. Co., 224 Mo. 564; Huft v. St. Louis & S. F. R. R. Co., 222 Mo. 286; Silverthorne v. Summit Lumber Co., 190 Mo. App. 716; Small v. Polar. Wave Ice Co., 179 Mo. App. 456; Vanderbeck v. Wabash Railroad Co., 154 Mo. App. 321; Bond v. Sanford, 134 Mo. App. 477; Eames v. New York Life Ins. Co., 134 Mo. App. 331; Moellman v. Lumber Co., 134 Ho. App. 485; Aultman & Taylor Co. v. Smith, 52 Mo. App. 351; Gately Outfitting Co. v. Vinson, 182 S. W. 133. And this is true although testimony relating to extraneous issues has been admitted. Matney v. C. R. I. & P. R. R. Co., 75 Mo. App. 233; Safety Fund Natl. Bank v. Westlake, 21 Mo. App. 565. (5) It is error to submit an issue not made by the pleadings. Kingman & Co. v. Cornell-Tebbetts M. & B. Co., 150 Mo. 282; Ely v. St. Louis, Kansas City & Colorado R. R. Co., 77 Mo. 34; Kelly v. Stewart, 93 Mo. App. 47. (6) Where a charge correctly states the law as far as it goes, omissions, if any, should be supplied by additional instructions. First Natl. Bank v. Ragsdale, 171 Mo. 168; Matthews v. Mo. Pacific R. R. Co., 142 Mo. 645; Sager v. Sampson Mining Co., 178 Mo. App. 503; Fillingham v. Transit Co., 102 Mo. App. 573. (a) Defendant cannot complain of an instruction for plaintiff which ignored facts tending to establish the defense where the defendant's theory was clearly presented by instructions given at his request. Meadows v. Pacific Mutual Life Ins. Co., 129 Mo. 76; Schaaf v. Fries, 77 Mo. App. 346. (b) The court need not submit every disputed evidentiary fact arising in the case, but should submit only essential facts warranting the recovery. Acme Harvesting Machine Co. v. Gasperson, 168 Mo. App. 558.

*Frank C. O'Malley* for respondent.

(1)   The court did err in giving instruction No. 2. It is bottomed on the theory that the law implies a promise to pay for the "experimental work of plaintiff," and left out of consideration whether the plaintiff intended to make a charge, and whether defendant expected to pay. Wagner v. Edison Electric Ill. Co., 177 Mo. 44; Wagner v. Edison Electric Ill. Co., 141 Mo. App. 51; Bittrick v. Gilmore, 53 Mo. App. 53; Kerr v. Cusenbary, 60 Mo. App. 558; Strother v. De Witt, 98 Mo. App. 293; McDonald v. Redemeyer, 197 Mo. App. 630.   (2)   Aside from the question whether the court erred in giving instruction No. 2, the motion for new trial was properly ruled, because the court erred in refusing defendant's instruction No. 4.   Kerr v. Cusenbary, 60 Mo. App. 558; Strother v. De Witt, 98 Mo. App. 293; McDonald v. Redemeyer, 197 Mo. App. 630; cases cited under Point 1.   (3)   Also, plaintiff is not entitled to recover, and defendant's demurrer to the evidence should have been sustained, since all the evidence shows that plaintiff did not intend to charge for the work when performed, and he cannot be allowed to change his mind thereafter.   Bittick v. Gilmore, 53 Mo. App. 56; Kerr v. Cusenbary, 60 Mo. App. 562; Strother v. De Witt, 98 Mo. App. 293; McDonald v. Redemeyer, 197 Mo. App. 630.

NIPPER, C.—This is an appeal from an order sustaining defendant's motion to set aside a judgment for $338.20, and granting defendant a new trial on account of alleged error in instruction No. 2 given for plaintiff.

Defendant was a general contractor for the erection of a church.   In September, 1908, it let to plaintiff a subcontract for the slate roofing on said church for the sum of $1,825, to be done according to plans and specifications made by the building architects.   In these specifications was a provision that the roof was to be guaranteed free from leaks for five years. In the construction of

this roof, aside from the slating, the carpenter work was done by defendant, and the sheet metal work was done by another subcontractor. After the slate roofing was put on, plaintiff was paid $1,825, after which, according to plaintiff's evidence, plaintiff received complaints that the roof was leaking; that he reported to defendant that the leaks were caused on account of certain defects in the work of defendant or its other subcontractors. Mr. Pelligreen of defendant company told him to make such corrections as plaintiff had suggested in the work of defendant, and that defendant would pay for the same; that after doing different work on the roof, and at different times, covering a period of four years, he demanded payment of defendant, but defendant refused; hence this suit.

On cross-examination, plaintiff stated that he examined the roof because complaint was made that it was leaking and he thought there might be some defect in his work, and if there was any he wanted to remedy it, but that after he had done this work he found out it was not his fault, and that he made up his mind to charge for it. It is not clear from this testimony whether plaintiff has reference to work done on the roof which was not included in the account sued on, or whether to work included in the account.

The evidence offered on the part of the defendant was to the effect that, after the roof was put on by plaintiff it continually leaked, and was leaking occasionally up to the time of the trial.

Mr. Pelligreen, of the defendant company, testified that he continually complained to defendant about the leaks; that the plaintiff would claim that the defect was in one place, and when that was fixed would claim that it was in some other place; that plaintiff finally claimed the pans under the windows caused the trouble. It was then he told plaintiff to take out or rearrange the pans, and if that stopped the leaks he would pay the plaintiff for such work; that plaintiff did so but it did not stop

the leaks. There was evidence that the roof still leaked, as stated, at the time of the trial.

Instruction No. 1 for the plaintiff told the jury that if they found the work was done and materials furnished by the plaintiff at the request of the defendant, and the defendant promised and agreed with the plaintiff to pay for the same, and that defendant has refused such payment after demand having been made, the plaintiff is entitled to recover the reasonable value of said work and labor.

Instruction No. 2 is as follows:

"The court instructs the jury that if they believe and find from the evidence that the work and labor and material mentioned in the evidence were done and furnished by plaintiff at the request of defendant, in order to stop leaks in the roof of the Visitation Church in the City of St. Louis, Missouri, and that said leaks were due to defective work of sub-contractors of defendant, other than the plaintiff, in the construction of the roof of said church, then the plaintiff is entitled to recover the reasonable value of the work and labor and materials done and furnished by him, as shown by the evidence, not exceeding, however, the sum of $390.80, with interest thereon at the rate of 6 per cent per annum from the 12th day of April, 1917, the date of the institution of this suit."

On behalf of the defendant, the court instructed the jury to the effect that if the plaintiff put on the slate roof and that within five years from doing the work the roof was not free from leaks, and if the jury further found from the evidence that at the instance and request of the defendant the plaintiff did the work and furnished the materials sued for in an attempt to make said roof free from leaks, the plaintiff was not entitled to recover.

The bid submitted by plaintiff and accepted by defendant for doing this roofing is as follows:

"We propose to do the Slate Roofing for Visitation Church, to be located at Evans and Taylor Ave., according to Plans and Specifications under the head of Slate roofing by Barnett, Haynes & Co., Architect, for the

sum of Eighteen hundred twenty-five dollars, $1,825. This bid does not include metal ridge.

"Terms:—Eighty per cent of contract price to be paid when main roof is finished, balance due within thirty days from completion of our contract."

The plans and specifications referred to, after describing the kind of slate and the manner in which it should be put on, has the following clause: "Roofs to be guaranteed free from leaks for five years after finishing this contract." We do not agree with learned counsel for defendant that the giving of instruction No. 2 was error. In the first place, it will be noted that the bid of plaintiff was to do the "slate roofing" according to plans and specifications. The specifications seem to provide that all roofs were to be guaranteed free from leaks for five years. Plaintiff could not be held responsible for the failure of defendant, or its subcontractors other than plaintiff, to properly do the carpenter work or the sheet metal work which went into and was made a part of the roof, nor the failure to properly care for the roof after it was put on. If there is any inconsistency in the terms of the contract and the specifications, the language of the contract must prevail. The reference in the contract to the plans and specifications was for the purpose of determining the character, kind, and quantity of slate, and the manner in which it should be put on the roof. Plaintiff having contracted to put on the slating part of the roof only, that clause in the specifications saying, "roofs to be guaranteed free from leaks for five years," was not embodied in plaintiff's contract, and was no part thereof. [Cruthers v. Donahue, 85 Conn. 629; Hayes v. Wagner, 220 Ill. 256; White v. McLaren, 151 Mass. 553; Bush v. Jones, 144 Fed. 942.]

If plaintiff did not use the kind and character of slate required by the plans and specifications, defendant might recoup from the contract price as damages, the difference between the value of the building as constructed and what it would have been if the slate roof was according to contract, or, in this case, the roof hav-

ing been paid for, defendant might bring an action for that difference.

Defendant relies upon the case of Wagner v. Edison Electric Ill. Co., 177 Mo. 44, 75 S. W. 966, and authorities therein cited. But that case has no application to the facts here. The petition here seeks to recover for work done and materials furnished by plaintiff at the special instance and request of defendant. The answer, after a general denial, sets up the defense that, plaintiff, in doing the work and furnishing the materials for which he here attempts to collect, was only attempting to perform his contract as he had agreed. There is no such relationship between the parties in this case as would create any presumption that plaintiff intended doing this extra work for nothing, or that he did not intend to charge therefor, and, in the absence of such relationship, the law will imply an agreement to pay for same.

Defendant insists that the court's action in granting a new trial should be sustained, because the court refused to give an instruction requested by it, to the effect that, if the jury found that at the time plaintiff did the work and furnished the materials he did not intend to make any charge therefor, then their verdict should be in favor of the defendant. But in our view of the case this was not reversible error, because the instructions given properly presented the issues as made by the pleadings; and the learned trial judge erred in setting aside the judgment and granting defendant a new trial. Therefore, the Commissioner recommends that the judgment be reversed and the cause remanded, with directions to enter judgment on the verdict of the jury.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded, with directions to enter judgment on the verdict of the jury. *Allen, P. J., Becker* and *Daues, JJ.,* concur.