SUMNER L. WILLSON v. THEODATE POPE RIDDLE.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued March 6—decided May 8, 1941.

*Douglass B. Wright,* for the appellant (defendant).

*Henry H. Hunt,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff brought this action to recover a balance claimed to be due under a contract for the installation, in the home of the defendant, of a heating system consisting of four oil furnaces and four air conditioners, with the necessary equipment.   In addition to denials contained in the answer, the defendant, by way of counterclaim, sought damages for the failure of the plaintiff to install the equipment properly and in accordance with the terms of the contract, claiming that there had been a breach of certain warranties which formed a part of it, and specifically she sought recovery of the cost of a booster system purchased by her and claimed to be necessary to secure adequate heat for her home.   From a judgment for the plaintiff she has appealed.   The fundamental issue is whether certain statements in a prospectus sent the defendant by the plaintiff constituted warranties which became a part of the contract.

As a preliminary step to the making of the contract, the plaintiff sent the defendant a letter stating: "We are pleased to submit this proposal covering a General Electric air conditioning system for your house" and describing the heating equipment which the plaintiff proposed to install.   This letter was accompanied by a pamphlet in the nature of a prospectus, issued by the General Electric Company and describing the furnaces which the plaintiff would install, on the rear cover of which was printed the name and address of the plaintiff.   The letter was also accompanied by certain sheets which, in addition to various advertising matter, described the air conditioners.   The prospectus, the letter and the sheets were all fastened by copper binding pins

within a cover on which was printed in large letters "General Electric Air Conditioning" "Proposal," and which bore the symbol of the General Electric Company. The letter, however, in no way referred to the pamphlet or sheets. The pamphlet stated that the General Electric Company furnace would give "Comfort . . . Luxury," that it "is quiet in performing its duty—self effacing in that it works cleanly—without odor," that the result is "clean and quiet combustion" and that the installation of its heating system means "no more dirt or soot." These statements the defendant claims to be the warranties upon which she relies.

The contract was an agreement to purchase four General Electric oil furnaces and four air conditioners, with the incidental equipment, "as outlined in our proposal"; it provided: "There is no agreement, verbal or otherwise, which is not set down herein"; and it had appended to it a manufacturer's warranty of the air conditioning equipment in which the General Electric Company warranted the equipment and all parts thereof to be free from defects in material or workmanship under normal use and service, limiting the obligation, however, to replacing any defective part within one year from the date of the original installation. The defendant claimed that the prospectus and proposal constituted a part of the contract, that the heat received from the furnaces was inadequate, requiring the installation of the booster system, and that the furnaces did not comply with the statements quoted from the prospectus. The trial court, however, charged the jury that, while the letter containing the proposal was a part of the contract, the advertising of the General Electric Company in the pamphlet and sheets attached to the letter was not a part of the proposal and was to be disregarded. This the defendant claims to be erroneous.

Whether or not the statements in the prospectus would constitute warranties we have no need to consider. The provision in the contract that "There is no agreement, verbal or otherwise, which is not set down herein" effectively excludes from consideration any such undertakings which are not stated in the contract or incorporated therein by reference. *Colonial Development Corp.* v. *Bragdon,* 219 Mass. 170, 174, 106 N. E. 633; *Retailers Service Bureau* v. *Smith,* 165 S. C. 238, 246, 163 S. E. 649; 3 Williston, Contracts (Rev. Ed.) § 633. The contract, after indicating by letter and number the furnaces and air conditioners to be installed, added "as outlined in our proposal." The word "outline" means primarily an outer line, a drawing on which contours are indicated, a sketch drawn in outline. Webster's New International Dictionary. The letter stating the proposal described the furnaces and air conditioners by identifying symbols, their location in the house and generally the way in which the system would be installed; the prospectus described the furnaces and the sheets described the air conditioners. The reference in the contract to the installation of the heating units, "as outlined in our proposal," could not reasonably be understood as referring to anything more than matters of that nature; its natural import would not be to amplify the plaintiff's obligations under the contract by incorporating into it as warranties such statements as those we have quoted from the prospectus. The prospectus, like the added sheets, served to identify and describe the furnaces and air conditioners to be installed; they explain the terms of the contract but they do not add to them. *Cruthers* v. *Donahue,* 85 Conn. 629, 631, 84 Atl. 322; 4 Page, Contracts, § 2045.

The trial court correctly charged the jury to disregard the statements in the prospectus relied upon by

the defendant as constituting warranties. The only other claim of error is in a portion of the charge concerning the damages the defendant would be entitled to recover on the counterclaim, and as the verdict for the plaintiff stands, there is no occasion to consider it. Conn. App. Proc., § 14.

There is no error.

In this opinion the other judges concurred.