[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#114)
The plaintiff, Benvenuti Oil Co., is a Connecticut corporation engaged in the home heating oil business. The defendant, Foss Consultants, Inc., is a marketing company in the business of selling telemarketing plans to oil companies.
On December 8, 1995, the parties entered into a contract whereby the plaintiff would purchase the defendants marketing services for $25,500. The plaintiff alleges that the defendant CT Page 4543 breached the contract by selling its marketing program to one of the plaintiffs competitors, Deep River Oil Co., Inc. which is located within 25 miles of the plaintiffs business.
On June 10, 1997, the plaintiff brought a three count complaint against the defendant alleging breach of contract (count one), violation of General Statutes § 42-100, et seq. CUTPA (count two); violation of CUTPA-punitive damages (count three).
On December 9, 1998, the defendant filed a motion for summary judgment and a memorandum of law in support. On December 30, 1998, the plaintiff filed a motion in opposition along with a supporting memorandum of law.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442,452, ___ A.2d ___ (1999). "Summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 376, 260 A.2d 596 (1969).
I. BREACH OF CONTRACT
The central dispute surrounding this breach of contract claim is the interpretation of a "25 mile exclusive radius" clause contained within the contract documents.
The plaintiff argues that as part of the contract, the defendant agreed not to sell for one year, its marketing program to anyone other than the plaintiff within a 25 mile radius of the plaintiffs office. The defendant argues that it only guaranteed that the plaintiff would obtain 250 new customers within a 25mile radius of the plaintiffs office.
Ordinarily the question of contract interpretation, being a question of the parties intent, is a question of fact. Gurliacciv. Mayer, 218 Conn. 531, 567, 590 A.2d 914 (1991)
"[I]n situations in which the parties have their agreement in writing, their intention is to be determined from its language CT Page 4544 and not on the basis of any intention either may have secretly entertained . . . Where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Citation omitted; internal quotation marks omitted.) Thompson Peck, Inc. v. Harbor MarineCont. Corp., 203 Conn. 123, 130-31, 523 A.2d 1266 (1987).
The court, therefore, must search the contract documents for the specific terms of the agreement between the parties.
The defendant maintains that are three documents which set out the relevant terms of the contract: (1) an "Invoice" dated December 8, 1995 (hereinafter "invoice"); (2) a letter of confirmation signed by John Spinogatti, President of Foss Consultants, dated December 9, 1995 (hereinafter "confirmation letter"); (3) a document entitled "Agreement between Foss Consultants, Inc. Benvenuti Oil Company," dated January 13, 1996 (hereinafter "agreement").
The plaintiff, however, claims that the "invoice" and "confirmation letter" are the only documents which constitute the contract documents in the present case. The plaintiff maintains that the third document — the "agreement" — was never intended to be part of the contract.[1]
The disputed third document consists of only four paragraphs. The paragraphs are of ordinary type size and provide that:
1. Benvenuti Oil Company affirms that the training which took place on January 12th 13th 1996 for the Foss Marketing Program has been satisfactory.
2. Foss Consultants, Inc. guarantees that the New Customers obtained from the Foss Marketing Program will be within a 25 mile radius of Benvenuti Oil Company.
3. In the event that there is a dispute which results in litigation by either party, then the losing litigant agrees to pay all reasonable attorney fees and expenses incurred by the winning party.
4. "On behalf of Benvenuti Oil Company, the buyers representative (the undersigned) has read and reviewed this letter and agrees to the stated terms. This agreement contains a complete and final understanding CT Page 4545 between both buyer and seller. All promises made by Foss Consultants, Inc., the seller, are in this agreement there are no others."
The signatures of Felicia Spinogatti, Trainer for Foss Consultants, and Charles Mazella, Vice President of Benvenuti Oil Co., appear at the bottom of the document.
The court finds the fourth paragraph of the document particularly instructive as to whether the document was intended to serve as a contract document. The language of the fourth paragraph is unambiguous and clearly states that: "[t]his agreement contains a complete and final understanding between both buyer and seller. All promises made by Foss Consultants, Inc., the seller, are in this agreement there are no others."
Although the plaintiff argues that he does not recall signing the agreement and that he was under the impression it was merely a receipt, the plaintiff was under an obligation to read the document before signing it.
"[I]in the absence of a claim of fraud or mutual mistake one having the capacity to understand a written document who reads it, or without reading it or having it read to him (sic) signs it, is bound by his (sic) signature . . . no one could rely on a signed document if the other party could avoid the transaction by saying that he (or she) had not read or did not understand the writing." (Citation omitted; internal quotation marks omitted.)Bashura v. Strategy Plus, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050871 (November 20, 1997, Corradino, J.). "It is axiomatic that a party is entitled to rely upon its written contract as the final integration of its rights and duties." Zullo v. Smith, 179 Conn. 596, 601,427 A.2d 409 (1980).
This court finds that the clear language of the "agreement" evidences an intent by the parties, not only to include the document as part of the contract documents, but to have the document serve as the final representation of the agreement.
"If a written document, mutually assented to, declares in express terms that it contains the entire agreement of the parties, and that there are no antecedent or extrinsic representations, warranties, or collateral provisions that are not intended to be discharged and nullified, this declaration is CT Page 4546 conclusive as long as it has itself not been set aside by a court on grounds of fraud or mistake. . ." 3 Corbin, Contracts (1962) § 578, p. 403; Willson v. Riddle, 128 Conn. 100, 20 A.2d 402
(1941).[2]
Having determined that the "agreement" constitutes the relevant contract document, the court shall proceed to determine whether the document clearly conveys what was intended by the "25 mile exclusive radius" clause.
The second paragraph of the "agreement" provides that: "Foss Consultants, Inc. guarantees that the New Customers obtained from the Foss Marketing Program will be within a 25 mile radius of Benvenuti Oil Company." This language is consistent with the defendants interpretation of the 25 mile exclusive radius clause.
As a complete and integrated document, the court is entitled to rely upon the "agreement" as evidence of the true intention of the parties.
This court concludes that the plaintiff has failed to establish that the defendant breached the aforementioned contract by selling its services to another oil company within 25 miles of the plaintiffs business.
The motion for summary judgment as to count one is granted.
II. CUTPA
The plaintiff argues that the defendant committed an unfair act or practice in violation of General Statutes § 42-100a et seq., by selling its exclusive marketing system to its competitor and by failing to disclose that the sale had taken place.
A majority of Superior Court cases support the claim that [a] simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances to recover under the Act See EmleeEquipment Leasing Corp. v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 580, 595 A.2d 951 (1991); see also Bonnell v. UnitedParcel Service, Superior Court, judicial district of Danbury at Danbury, Docket No. 315927 (February 7, 1997, Grogins, J.) (18 Conn. L. Rptr. 646). Where the plaintiff alleges sufficient aggravating circumstances, beyond a mere breach of contract that may bring the case within the cigarette rule, the CUTPA claim may CT Page 4547 withstand a motion [for summary judgment]. Cf. Petro v. K-MartCorp. , Superior Court, judicial district of Waterbury at Waterbury, Docket No. 123768 (February 24, 1998, West, J.).
In the present case, the court has determined that the defendant did not breach the subject contract by selling its marketing system to the plaintiffs competitor. Moreover, the plaintiff does not allege any substantial aggravating circumstances nor anything else that would bring the allegations within the ambit of CUTPA.
The motion for summary judgment as to count two is granted.
III. CUTPA (punitive damages)
"[U]nder CUTPA, a plaintiff is entitled to have the trial court consider awarding . . . punitive damages; General Statutes42-110g (a). . . . " (Internal quotation marks omitted) SaturnConstruction Co. v. Premier Roofing Co., 238 Conn. 293, 311,680 A.2d 1274 (1996).
It follows that the courts granting of the motion for summary judgment as to the defendants' CUTPA claim makes General Statutes § 42-110g (a) inapplicable. See Ricotta v. Drummond, Superior Court, judicial district of Danbury at Danbury, Docket No. 324047 (February 25, 1997, Stodolink, J.).
The motion for summary judgment as to count three is granted.
Mihalakos, J.